Argued May 15; reversed April 3, 1934

# RIESLAND *v.* BAILEY

(31 P. (2d) 183)

*Lowell Mundorff,* of Portland (B. G. Skulason, of Portland, on the brief), for appellant.

*Wilbur Henderson,* of Portland, for respondent.

BEAN, J. The appellant assigns error in sustaining the demurrer to the alternative writ. The question submitted is whether mandamus will lie to inquire into an abuse of discretion by such an official as the county clerk. The general rule, which is well recognized, is that where the performance of an official duty or act involves the exercise of judgment or discretion, the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter; he can only be directed to act, leaving the matter as to what particular action he will take to his determination: 18 R. C. L. 124, § 38. There are important exceptions to the general rule. If there is an

arbitrary abuse of discretion, the courts recognize that this is an exception to the general rule and mandamus may issue if there is no other adequate remedy, though the result is that the court is called upon to review the exercise of a discretionary power. It is not accurate to say that the writ will not issue to control discretion, for it is well settled that it may issue to correct an abuse of discretion, if the case is otherwise proper. The public officer or inferior tribunal may be guilty of so gross an abuse of discretion, or such an evasion of positive duty, as to amount to a virtual refusal to perform the duty enjoined, or to act at all, in contemplation of law. In such a case mandamus would afford a remedy where there was no other adequate remedy provided by law: 18 R. C. L. 126, § 39. In 38 C. J. 598, after stating the general rule, it is stated in section 74, as follows:

"While the contrary view has been upheld, the great weight of authority is to the effect that an exception to the general rule that discretionary acts will not be reviewed or controlled exists when the discretion has been abused. The discretion must be exercised under the established rules of law, and it may be said to be abused within the foregoing rule where the action complained of has been arbitrary or capricious, * * * or there has been a refusal to consider pertinent evidence, hear the parties when so required, or to entertain any proper question concerning the exercise of the discretion * * *. If by reason of a mistaken view of the law or otherwise there has been in fact no actual and bona fide exercise of judgment and discretion, as, for instance, where the discretion is made to turn upon matters which under the law should not be considered, or where the action is based upon reasons outside the discretion imposed, mandamus will lie. So where the discretion is as to the existence of the facts entitling the relator to the thing demanded, if the facts are admitted or *clearly proved* [italics

ours] mandamus will issue to compel action according to law. Nevertheless, the abuse of discretion must appear very clearly before the courts will interfere by mandamus.''

In *McLeod v. Scott,* 21 Or. 94 (26 P. 1061, 29 P. 1), a case involving the rejection by the county court of an application for a liquor license on the ground that the bond offered was insufficient, it was argued, as in the case at bar, that the action of the county court was not subject to review because it was discretionary. Referring to this question, at page 107, Mr. Chief Justice STRAHAN records the following language:

''Though he [the applicant] had complied with all the law on the subject, the court might, without any reason therefor appearing upon the record, refuse to grant a license, which action of the court is final because discretionary * * *. A position which leads necessarily to such consequences ought to be sustained by very conclusive authorities before we are asked to give it our sanction. But the decided weight of authority seems to be the other way.''

At page 108 the court quotes from *State ex rel. Adamson v. La Fayette Co.,* 41 Mo. 221, as follows:

''In approving the sheriff's bond as collector of the state and county revenue, the justices of the county court act in a ministerial and not in a judicial capacity. Their discretion is confined to an examination of the sufficiency of the securities offered, and that must be a sound legal discretion and not capricious, arbitrary or oppressive.''

Many cases are cited in the McLeod case. See Ferris, Extraordinary Legal Remedies, p. 399; *Tulare Water Co. v. State Water Commission,* 187 Cal. 533 (202 P. 874). In *Illinois State Board of Dental Examiners v. People,* 123 Ill. 227 (13 N. E. 201), it is stated:

"But if a discretionary power is exercised with manifest injustice, the courts are not precluded from commanding its due exercise. They will interfere, where it is clearly shown that the discretion is abused. Such abuse of discretion will be controlled by mandamus."

■ Where the discretion is as to the existence of facts entitling the relator to the thing demanded, if the facts are admitted or clearly proved, mandamus will lie to compel action according to law: *Sansom v. Mercer,* 68 Tex. 488 (5 S. W. 62, 2 Am. St. Rep. 505); *Baird v. Kings County,* 138 N. Y. 85 (33 N. E. 827, 20 L. R. A. 81).

■■ As the case comes to us, the facts alleged in the alternative writ, to which a demurrer was interposed, must be taken as true. It is there shown and stands uncontradicted that the two sureties upon the undertaking on appeal "were worth an amount in excess of $50,000 in real and personal property within the state, over and above all their debts and liabilities, and exclusive of property exempt from execution". It is also shown that they have the other statutory qualifications. It is argued by respondent that a conclusion of law is stated in the alternative writ, that the fact that the sureties were worth in excess of $50,000 is a mere opinion. We think of no other way to show the value of property or worth of the party who owns it, except as a matter of judgment or opinion.

■ We think the writ should be answered. It contains a clear statement of fact in relation to the qualifications of the sureties. Testimony should be considered if an issue is raised as to the qualifications and statements of the sureties, and if it then appears that the sureties are qualified, a peremptory writ requiring the clerk to approve the undertaking should be issued.

It does not appear that the clerk had any knowledge of the real or personal property of the sureties other than as shown by the testimony to the effect that they were worth $50,000, over and above all debts and liabilities, the character and value of their property being described. The judgment appealed from is less than $5,000. Under the circumstances as the case now stands, we think it would be an abuse of discretion and a defeat of justice for the clerk to refuse to approve the undertaking.

 It is stated in High's Extraordinary Remedies (3d Ed.), § 231, in effect that it is held, but not always, that if a particular court is designated, whose duty it is made to approve a bond, this approval is not the exercise of such a judicial function as to preclude control by mandamus. The approval or rejection of the bond in such case, although coupled with some degree of discretion, is held to be essentially a ministerial act, and hence subject to control by mandamus. In all such cases it would seem to be the more correct practice not to command the inferior court peremptorily in the first instance to approve the bond tendered, but the alternative writ should be so framed as to command the court to proceed and act upon the application, and to hear the evidence offered as to the sufficiency of the sureties, and to approve them, if sufficient. Mandamus is the appropriate remedy to compel the clerk to approve an undertaking on appeal. If there is any other remedy it is not adequate: *Lyders v. Superior Court,* 129 Cal. App. 635 (19 P. (2d) 300); *Gotthelf v. Fickett,* 37 Ariz. 322, 413 (294 P. 837); *Coats v. State,* 133 Ind. 36 (32 N. E. 787). The object of the writ of mandamus is not to supersede but to supply the want of a legal remedy and defects of justice: 18 R. C. L. 131, § 44.

From the oral argument it may be pertinent to state that there appears to be no case other than *State ex rel. Garbutt v. Charnock,* 105 W. Va. 8 (141 S. E. 403, 56 A. L. R. 1094), involving the qualification of a surety on a bail bond as affected by liens or encumbrances on his real property. In that case the court holds that the fact that the real property of sureties on a bail bond is encumbered by liens does not justify their rejection as sureties, where it clearly appears, and is not denied, that their equities in the properties make them amply financially qualified to discharge the obligation.

The judgment of the circuit court sustaining the demurrer to the alternative writ of mandamus will be reversed and the cause will be remanded for further proceedings consistent with this opinion.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.