GREAT AMERICAN INDEMNITY COMPANY ET AL., Petitioners and Appellants, *v.* GOVERNMENT OF THE CAPITAL, ETC., ET AL., Respondents and Appellees.

No. 8454. Argued February 3, 1942.—Decided February 17, 1942.

904

 █

*Francis & Belaval* for appellants. *J. Valldejuli Rodríguez* for appellees.

Mr. Justice Snyder delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan dismissing a petition for mandamus. The petition alleged that .the Government of the Capital issued a call for bids for the purchase by the Capital of ten garbage trucks; that the call required each bidder to post a bond for 10 per cent of his bid in cash or by certified check; that the petitioner, Puerto Rico Auto Corporation, submitted a bid of $19,500 for ten Fargo trucks, accompanied by a surety bond; that when the bids were opened, the Administrative Board of the Capital refused to consider this bid on the ground that it was insufficient because the bond was signed only by the petitioner, Great American Indemnity Co., a surety company, and not by the principal, the Auto Corporation; that this bid was the lowest; that the bid was rejected arbitrarily and without just cause; that the award of the contract might be made immediately; that the petitioners had no other remedy except a petition for mandamus pursuant to paragraph (c) of Section 46 of Act No. 99, Laws of 1931, p. 626. The prayer was for a writ of mandamus directing the defendants to consider the bid of the Auto Corporation and to award it the contract.

 We are initially confronted with the fact that the petition alleges that the call for bids required a .bond *either in cash or by certified check.* The petition then alleges that the bond submitted was a *surety bond,* which was rejected. But the defendants apparently made no contention that even a properly executed surety bond would be insufficient. The explanation lies in the fact that the specifications, supplementing the call for bids, provided that a surety bond might be posted. Although it would have cleared up an apparent

discrepancy if this additional fact had been alleged in the petition, its omission did not render the petition fatally defective, in view of the allegation in the petition that the sole reason for the rejection of the bond was the lack of the signature of the principal thereon.

 The problem here is not in finding the pertinent rule of law but in applying it to the facts of this case. The rule runs monotonously through all the authorities—mandamus will be granted to compel the performance of a ministerial duty by a public officer. If the duty involves the exercise of discretion, the courts will not direct or control the officer's discretion but will interfere to prevent an abuse of discretion. Annotation, mandamus to compel consideration, acceptance, or rejection of bids for public contract, 80 A.L.R. 1382; *Muñoz* v. *Ramos,* 39 P.R.R. 366; *Llovet* v. *Board of Examiners of Engineers,* 40 P.R.R. 560; *Font* v. *Pension Board,* 48 P.R.R. 23; Merrill on Mandamus, Section 117, page 145; Spelling, Injunctions and other Extraordinary Remedies, Second edition, Section 1384, page 1195; McQuillin on Municipal Corporations, Second Edition Revised Volume 6, Section 2713, page 844, Section 2726, page 874; Dillon on Municipal Corporations, Fifth edition, Volume IV, Section 1489, page 2656; *Miguel* v. *McCarl,* 291 U. S. 442, 451; *Board of Education* v. *Board of Commissioners,* 127 S. E. 692 (N. C.); *Consolidated Printing and Publishing Co.* v. *Allen,* 112 P. (2d) 884 (Cal.).

The welter of cases applying this rule bears out the observation of Mr. Justice Holmes that generalizations do not decide concrete cases. Taking refuge in the glittering generality of this rule, some courts, while giving it lip service, seem to have seized the opportunity to wield executive power. We are mindful of the injunction of Chief Justice Stone that "Courts are not the only agency of government that must be assumed to have capacity to govern" (*United States* v. *Butler,* 297 U. S. 1, 87).

So far as we are concerned, statutory language vesting discretion in executive officials means exactly what it says. We do not propose to direct or control the executive branch of the government in the exercise of its functions. We shall not undertake to reverse or interfere with or detain executive action based on arguments that the executive has made a mistake of judgment. We must find that the executive acted wholly without cause for us to stay his hand or to command him to act.

Measured by these considerations, the instant case becomes easy to resolve. The allegation here is that the bid of petitioner was never considered because the surety bond that it posted was not signed by it as principal. Without in any way questioning the good faith of the members of the administrative board, we are satisfied that they acted under a misconception of the law.

The surety bond in this case was both joint and several. We therefore need not consider the problem of joint liability if a surety alone signs. The cases leave no doubt that in a several obligation to sign does not affect the liability failure of the principal to sign does not affect the liability of the surety. *Hill* v. *New Amsterdam Casualty Co.*, 286 Pac. 1103 (Cal.); *United States Fidelity and Guaranty Co.*, v. *McCurdy*, 180 S. E. 902 (Ga.); *Pima County* v. *Snyder*, 44 Pac. 297 (Ariz.); *McKissack* v. *McClendon*, 32 So. 486 (Ala.); *Brown* v. *Melloon*, 152 N. W. 75 (Iowa); *United States Fidelity and Guaranty Co.* v. *Haggart*, 163 Fed. 801; See *Sierra* v. *Vieta*, 56 P.R.R. 214; *Successors of Millón* v. *Caamaño*, 38 P.R.R. 174; *Successors of Villamil* v. *Díaz*, 41 P.R.R. 471. The petitioners having tendered a valid bond, the defendants acted improperly in refusing to consider the Auto Corporation's bid on the sole ground that the bond was insufficient.

In view of the misconception of the defendant officials of the validity of the surety bond herein, the rule laid down in *Riesland* v. *Bailey*, 31 P. (2d) 183 (Ore.), becomes applicable to this case. The *Bailey* case holds at page 185 that—

"If by reason of a mistaken view of the law or otherwise there has been in fact no actual and bona fide exercise of judgment and discretion, as for instance, where the discretion is made to turn upon matters which under the law should not be considered. . . mandamus will lie."

 It is alleged that the petitioner made every effort, without success, to have the administrative board consider its bid. At the oral argument the petitioners contended that under this allegation they could have proved that they offered to have the bond signed forthwith by the petitioner as principal, which offer the defendants refused to accept. Even if we had found the bond defective, the authorities hold that under the circumstances of this case such a defect may and should be promptly corrected, thereby validating the bond. McQuillin on Municipal Corporations, Second edition, Section 1334, page 922, Section 1325, page 904; see *Tomasini* v. *Municipality,* 50 P.R.R. 766; *Goodyear* v. *Brugueras,* 44 P. R.R. 600. If the defendants refused to permit this correction, their refusal was without warrant in law and against the public interest, as by this action they eliminated from consideration the lowest bid.

 The petition prays that the defendants be directed to award the contract to the Auto Corporation. But, as already pointed out, we confine ourselves to directing the defendants to consider their bid. Act No. 99, Laws of Puerto Rico of 1931, p. 626, Section 7, provides that such a contract shall be awarded, on public call for bids, "to the bidder who, in the judgment of said administrative board offers and binds himself . . . on terms most advantageous to the Capital, as regards price, technical ability and security . . .". Make, design, color, size, repair facilities and certainty of prompt delivery are among the factors to which the defendants might give considerable weight in carrying out the mandate of this statute in the instant case. Questions of that nature are for the board to decide for the public benefit. To lay down an inflexible rule that the contract must be awarded to the low--

est bidder, irrespective of such considerations, would deprive the public of the benefit of the judgment of public officials on such questions which the statute requires them to exercise. In the absence of fraud, bad faith or an abuse of discretion, no bidder is entitled to complain when another bid is selected as the "most advantageous". The question must be decided in the light of the public interest, and no bidder has a vested right in any award. Indeed, even his right to. litigate the question is a severely circumscribed one. See 86 A.L.R. 131; McQuillin on Municipal Corporations, Section 1341, page 929, Section 1331, page 918; *Goldberg* v. *Daniels*, 231 U. S. 218; *Perkins* v. *Lukens Steel Co.*, 310 U. S. 113, 126.

■ Counsel on both sides have discussed at length the question of whether paragraph (c) of Section 46 of Act No. 99, Laws of 1931, p. 622, creating the Government of the Capital of Puerto Rico, has made any change in the cases in which mandamus is a proper remedy. Paragraph (c) provides that the District Court of San Juan shall have jurisdiction "to compel by writ of mandamus the performance of ministerial duties by the officials of the Capital". As already indicated, this case does not involve any abuse of discretion. Because of a misconception of the law, the discretion of the administrative board never came into play. The order to exercise its discretion is an order to perform a ministerial duty. It is therefore unnecessary for us to determine if mandamus against officials of the Capital has been restricted by the terms of paragraph (c).

The petitioner stated at the oral argument that the contract had already been awarded to another bidder, and the defendants indicate in their brief that ten Dodge trucks have been delivered by the successful bidder and are presently in operation. Since the petition and motion to dismiss contain no such allegations, we cannot consider them in passing on the judgment dismissing the petition. However, we do not

deem it amiss to point out that if the contract has been awarded to another bidder and if delivery thereunder has been effected, the petitioners may have slept on their rights in not endeavoring to obtain some restraining relief to prevent such action. If that question is raised hereafter in the lower court, that court will have to determine if mandamus is still an effective remedy. Even if the award was invalidly made and the contract in connection therewith is void, which question is not before us and which we therefore are not deciding at this time, at the most the Auto Corporation is entitled to consideration of its bid. In addition, if ten Dodge trucks are already in use, the court below will perhaps be required to consider the effect on this case of the rationing of trucks pursuant to Federal law and regulation.

We find that the petitioner, if the allegations of his petition are true, was entitled to have his bid taken into consideration by the administrative board. We shall reverse the judgment of the district court and remand the case for further proceedings not inconsistent with this opinion.