Argued March 18, reversed with instructions April 23, petition
for rehearing denied May 19, 1970. Petition for review
allowed by Supreme Court June 30, 1970. See
later volume of Oregon Reports

## STATE OF OREGON, *Respondent, v.*
## ROBERT JOSEPH EVANS,
*Appellant.*

468 P2d 657

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

. Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

█ Defendant was indicted in Multnomah County for first degree murder in the August 6, 1963, strangling death of Irene E. Davis. After several days of trial, defendant, on March 3, 1964, withdrew his plea of not guilty and, pursuant to ORS 163.130ʼ confessed his guilt of homicide in open court. ORS 163.130 reads:

> "If upon an indictment for murder the defendant is convicted upon his own confession in open court, the court shall hear the proof and determine

the degree of murder and give judgment accordingly."

The court then conducted the hearing called for and admitted in evidence and considered a confession of the defendant. The defendant was not properly advised of his right to remain silent and of his right to counsel before making this confession, and the state concedes that the confession is violative of the principles set forth in *Neely*[1] (right to counsel, right to remain silent), *Escobedo*[2] and *Miranda*.[3] The question, then, is whether these decisions apply to this case. *Miranda* does not apply because the trial occurred prior to the decision date of *Miranda*. *Miranda* applies prospectively only. *Johnson v. New Jersey,* 384 US 719, 86 S Ct 1772, 16 L Ed 2d 882, reh den 385 US 890, 87 S Ct 12, 17 L Ed 2d 121 (1966); *State v. Dills; Stice,* 244 Or 188, 194, 416 P2d 651 (1966); *State v. Allen,* 248 Or 376, 382, 434 P2d 740 (1967). *Neely,* following and applying *Escobedo* in Oregon, does apply to the confession in this case, because the Oregon Supreme Court, in *Elliott v. Gladden,* 244 Or 134, 411 P2d 287, cert den 384 US 1020, 86 S Ct 1982, 16 L Ed 2d 1043 (1966), held that *Neely* would apply to all cases not "finally decided" before the date of the *Escobedo* decision (June 22, 1964). This same interpretation was again followed in *Haynes v. Cupp,* 253 Or 566, 456 P2d 490 (1969).

The appeal in this case was reinstated on May 22, 1969, so the case was not "finally decided" before

---

[1] State v. Neely, 239 Or 487, 395 P2d 557, 398 P2d 482 (1965).

[2] Escobedo v. Illinois, 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964).

[3] Miranda v. Arizona, 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

June 22, 1964. The first degree murder conviction must therefore be vacated.

The state makes a strong argument that since *Johnson v. New Jersey,* supra, held that neither *Escobedo* nor *Miranda* were to be applied retroactively, but only to trials after the date of each decision, Oregon should change its interpretation and follow *Johnson.* The state's argument would more properly be addressed to the Supreme Court because this court is bound by *Elliott v. Gladden,* supra, and, more recently, *Haynes v. Cupp,* supra.

■ The state initially urged that the confession of homicide in open court, pursuant to ORS 163.130, is identical to a plea of guilty, and therefore the scope of review is limited to the question of excessiveness of sentence pursuant to ORS 138.050. We do not agree with this contention. A hearing is required in cases under ORS 163.130 to determine the degree of homicide, whereas in a normal guilty plea case no further proof is necessary in order to find a defendant guilty of a specific crime. The scope of review is not, thus, limited to the excessiveness of the sentence.

■ The remaining problem is whether we must reverse and remand for the trial court to determine the degree of homicide, or reduce the conviction to manslaughter and remand only for sentencing. The plea itself is not challenged and is a plea of guilty at least to manslaughter. In view of the long time which has elapsed since the trial, and in order to finalize this matter as promptly as now possible for the benefit of all concerned, we believe it would be proper to remand this case to the trial court for sentencing the defendant for manslaughter. *State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969).

The first degree murder conviction is vacated and the case is remanded to the circuit court for sentencing for the crime of manslaughter.

Reversed with instructions.