Argued February 11, reversed and remanded
with instructions June 11, 1970

SOWELL, *Appellant, v.* WORKMEN'S COMPEN-
SATION BOARD ET AL, *Defendants,* STATE
ACCIDENT INSURANCE FUND, *Respondent.*
470 P2d 953

*Richard T. Kropp*, Albany, argued the cause for appellant. With him on the briefs were Emmons, Kyle & Kropp, Albany.

*E. David Ladd*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Wallace Carpenter and Quintin B. Estell, Assistant Attorneys General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal from the dismissal of petitioner's amended petition for a writ of mandamus.

On March 10 and 19, 1967, petitioner inhaled welding fumes on the job, the result of which was activation of a pre-existing bronchial asthmatic disease and incapacitation. He filed a claim with what was then the State Compensation Department, presently the State Accident Insurance Fund and hereinafter referred to as the Fund. The Fund denied the claim, which was treated as one for an occupational disease, as not arising out of and in the course of petitioner's employment. A hearing officer of the Workmen's Compensation Board subsequently held the claim to be compensable as an occupational disease. The Fund rejected the opinion, which rejection "acted" as an appeal to a medical board of review pursuant to ORS 656.808-656.814. After the medical review board returned its answers to the statutory questions required by ORS 656.812, the Workmen's Compensation Board filed them and denied compensation. Thereafter, petitioner moved the Workmen's Compensation Board to reverse

this action and allow compensation because the medical review board allegedly had found that petitioner had an occupational disease, or, in the alternative, an on-the-job, accidental injury. This motion was denied.

Petitioner then filed in the circuit court a petition for a writ of mandamus against both the medical review board and the Workmen's Compensation Board. The petition prayed: (1) that the medical board revise its answers to conform with its medical findings of fact, and that the Workmen's Compensation Board accept the revised answers and award compensation; or (2) that the Workmen's Compensation Board be directed to accept the medical board's findings of fact as saying that they had found an occupational disease or accidental injury, and award compensation.

The State Accident Insurance Fund intervened. Its demurrer to an amended petition was sustained, the proceeding was dismissed, and this appeal was taken.

The answers of the medical review board to the statutory questions were:

"1. Does claimant suffer from an occupational disease or infection? If so, what? Answer: No.

"2. When was such disease or infection, if any, contracted and approximately how long has claimant suffered therefrom? Answer: About 1937.

"3. Has such disease or infection, if any, been caused by[1] and did it arise out of and in the course

---

[1] The language of the question: Has the disease or infection "been caused by and did it arise out of and in the course" of employment, is different than the statutory language in ORS 656.802(1)(a), which defines an occupational disease as "Any disease or infection which arises out of and in the scope of the employment * * *." The question asks whether the disease was caused by the employment, the definition does not require that the employment "cause" the disease.

of the claimant's regular actual employment in such industrial process, trade or occupation? Answer: See letter of explanation.

"4. Is such disease, if any, disabling to the claimant? Answer: Yes, March of 1967 and September of 1967.

"5. If so, to what degree is claimant disabled by such occupational disease? Answer: Unable to work."

The letter referred to in the answer to question No. 3 is lengthy. In it the medical review board sets out its opinion of what the disease is and what caused or precipitated it. The review board in the letter states:

"* * * In our discussion, we argued at length about a question which is more legal than medical in character, namely, whether a man with pre-existing and occasional bronchial asthma should be compensated for an illness precipitated by, but not primarily caused by a work exposure. Some patients with bronchial asthma date the worsening of their symptoms, or even the onset of complete and permanent disability, to some exacerbation occurring at work due to inhalation of an irritant. It does not seem fair that an employer or the State should be held accountable for the effects of an episode which only brought to light or renewed what is considered essentially a genetic defect, namely, bronchial asthma. Therefore, we don't believe that any subsequent difficulty Mr. Sowell may have with recurrences of asthma, or to the possible development of chronic obstructive emphysema can in any way be charged to his exposures as a welder.

"On the other hand, it does not seem fair to deny the protection of Workmen's Compensation for a man who, thinking in good faith that he will be able to work as a welder, unexpectedly has acute asthma, and in this case, prolonged convalescence not due to any fault of the patient, such as failure to follow medical advice. If the precedents of the

Workmen's Compensation Board permits, it would seem reasonable to compensate Mr. Sowell for hospital expenses and work time lost from the first welding exposure (about March 10, 1967), until he was released to return to work by Dr. Wilson early in September, 1967. This would imply that any subsequent medical expenses or time loss due to asthma connected with his work as a welder not be allowed. This kind of compromise may not be appropriate or permissible from the legal standpoint, but we offer it as a possible solution to a decision in this difficult case."

This letter, well intentioned though it is, constitutes an evasion of the responsibility which the statute places upon the medical review board. It is an inadequate answer to question No. 3.

In *Beaudry v. Winchester Plywood Co.*, 90 Or Adv Sh 1193, — Or —, 468 P2d 657, decided May 13, 1970, by the Oregon Supreme Court, the meaning of the definition of occupational disease (ORS 656.802(1)(a)) was decided:

"* * * Therefore, disease or infection which 'arises out of and in the scope of the employment' must contemplate disease or infection of sufficient gravity to be disabling. We believe the statutory definition was not intended to be limited in its scope to disease or infection which had its inception in the employment. ORS 656.804(1) specifies that an occupational disease, as defined, is to be 'considered an injury' for the employees of employers who come under the accidental injury portion of the law. *It is clear that under the accidental injury portion of the law a compensable injury occurs when an accidental injury accelerates or aggravates a preexisting disease, causing disability* or death, even though the definition of a compensable injury is '* * * an accidental injury * * * arising out of and in the course of employment * * *.' ORS

656.002(6)." 90 Or Adv Sh at 1199. (Emphasis supplied.)

The medical review board did not adequately answer the questions which it had a duty to answer. The Workmen's Compensation Board filed the answers given and did nothing to require that they be adequately answered. A legal remedy to require compliance with the statutory plan of obtaining medical answers is imperative.

The statute, ORS 656.814, provides that the findings of the medical review board are final and binding insofar as any questions are concerned which the board is authorized to determine.

The petitioner here seeks by writ of mandamus to obtain the answers, and goes a step further. He seeks to have us tell the medical review board and the Workmen's Compensation Board how to answer, based upon some of the statements made in the letter which the medical review board returned with its uncompleted report.[2]

---

[2] The Amended Petition for Alternative Writ of Mandamus prays:

"* * * [T]hat an alternative Writ of Mandamus issue out of and under the seal of this Court directing to the Medical Board of Review consisting of Robert D. Wilson, M.D.; Mark L. Margason, M.D. and John E. Tuhy, M.D., commanding them and each of them immediately after their receipt of the Writ or some other specified time to enter answers to the statutory questions propounded to them under the provisions of ORS 656.812 so as to correspond with the actual findings of medical facts found by the Medical Board of Review as set forth in their letter of June 17, 1968, and that said alternative Writ of Mandamus issue to the Workmen's Compensation Board of the State of Oregon consisting of William A. Callahan, Chairman; Marion E. Cady, Commissioner and James Redman, Commissioner commanding them and each of them immediately after the receipt of the statutory answers in the affirmative to enter

■ The writ of mandamus provided by ORS 34.110 is a proper remedy to compel ministerial but not discretionary official acts. *In Re Clark*, 79 Or 325, 154 P 748, 155 P 187 (1916); *State ex rel Venn v. Reid*, 207 Or 617, 298 P2d 990 (1956); and *Johnson v. Craddock et al*, 228 Or 308, 365 P2d 89 (1961). In the latter case the court said at page 314:

> "Mandamus can be invoked, however, to correct an arbitrary abuse of discretion, in the absence of any other adequate remedy, even though it results in the court's review of the officer's exercise of discretionary power [citations omitted]."

In *Riesland v. Bailey*, 146 Or 574, 578, 31 P2d 183, 92 ALR 1207 (1934), the court said:

> "* * * The public officer or inferior tribunal may be guilty of * * * such *an evasion of positive duty*, as to amount to virtual refusal to perform the duty enjoined, or *to act at all, in contemplation of law. In such a case mandamus would afford a remedy where there was no other adequate remedy* provided by law * * *." (Emphasis supplied.)

The cases which we have cited above involved full-time public officers upon which statutory duties are enjoined, but we see no reason why their holdings should not apply as well to a temporary board, such as a medical board, which is constituted under state law

---

an order affording to the Petitioner compensation for medical care and treatment as required by law or in the alternative that the Workmen's Compensation Board be commanded and directed immediately after the receipt of the Writ or at some other specified time to enter an order finding that the Medical Board of Review has found as a medical fact that the Petitioner did sustain an occupational disease arising out of and in the course of his employment so as to entitle the Petitioner to receive medical care and treatment and compensation therefor * * *."

and upon which is enjoined a statutory duty. We cannot find any other adequate remedy available for obtaining direct answers to the questions involved.

■ Therefore, the demurrer should have been overruled. However, mandamus is proper only to obtain direct answers to the questions, not to indicate how the board should answer the questions.

The case is remanded with instructions to issue a writ of mandamus to the medical review board, directing it to answer the statutory questions in view of this opinion, and return them to the Workmen's Compensation Board for such further action as then may be indicated.

Reversed and remanded with instructions.