Argued April 19, affirmed June 10, 1971

# LAWTON, *Appellant, v.* STATE ACCIDENT INSURANCE FUND, *Respondent.*

Consolidated Cases No. 69-1362-L and 69-1363-L.
485 P2d 1104

*Robert H. Grant,* Medford, argued the cause for appellant. With him on the brief were Grant & Ferguson, Medford.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

The issue in this case is whether the circuit court had jurisdiction to hear an appeal from an order of the Workmen's Compensation Board entering findings of a medical board of review, which order denied claimant's claim for compensation for an occupational disease. The claimant, Lawton, contends that the findings entered by the Board are contrary to the findings of a medical board of review appointed under the provisions of ORS 656.810. The State Accident Insurance Fund says that though the findings of the medical board of review as required by ORS 656.812 are "* * * somewhat less than an unequivocal declaration, the

response of the Medical Board of Review can only be considered negative * * *."

Claimant filed a direct appeal to the circuit court and also petitioned for judicial review under the Administrative Procedures Act, ORS 183.480.

The circuit court correctly found that the Administrative Procedures Act has no application to the Occupational Disease Law and correctly held that it had no jurisdiction to hear an appeal from the findings of the medical board of review.

Claimant filed a notice of claim for occupational disease. The claim was rejected and the matter went before a hearing officer under the provisions of ORS 656.807 and 656.808. The workman offered evidence at the hearing that he could no longer work because years of heavy labor in the course of his employment by the Oregon State Highway Department had caused marked degeneration in his low back. The State Accident Insurance Fund conceded that the workman suffered from these degenerative changes, but offered evidence that it was more probably attributable to the aging process than to the kind of work claimant did. The hearing officer found that the workman's job did not materially contribute to the conditions from which he suffered and that on the contrary he was suffering an ordinary condition of life associated with the aging process. The matter then went to a medical review board, ORS 656.808 and 656.810.

The medical board of review answered the pertinent statutory questions set forth in ORS 656.812 as follows:

[Question] "1. Does claimant suffer from an occupational disease or infection? If so, what?

[Answer] "We do not find that the occupation has led to a specific disease process. However,

31½ years of heavy work have aggravated and accelerated degenerative changes and abnormalities in the back.

[Question] "2. When was such disease or infection, if any, contracted and approximately how long has claimant suffered therefrom?

[Answer] "Beginning with the injury of 1951 and progressing from that time to the present.

[Question] "3. Has such disease or infection, if any, been caused by and did it arise out of and in the course of claimant's regular actual employment in such industrial process, trade or occupation?

[Answer] "His present disability was initiated by an injury of 1951 with gradually increasing disability through the present, due to heavy work.

[Question] "4. Is such disease, if any, disabling to the claimant?

[Answer] "Yes.

[Question] "5. If so, to what degree is claimant disabled by such occupational disease?

[Answer] "His condition is disabling and we feel he could not carry out the occupation of his regular employment. Our findings indicate at this time that he is not employable. His personal physician has instructed Mr. Lawton that it is inadvisable for Mr. Lawton to continue his employment."

■■ The findings of a medical board of review are final and binding. ORS 656.814.[①] No appeal lies from them. *Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970); *Sowell v. Workmen's Comp. Bd.,* 2 Or App 545, 470 P2d 953 (1970). Nor can

---

[①] ORS 656.814 provides:

"The findings of the medical board of review are final and binding and shall be filed with the Workmen's Compensation Board within 60 days after appointment of the third member. A copy thereof shall be mailed to the parties."

judicial review be obtained through the Administrative Procedures Act. The Workmen's Compensation Law, ORS 656.704, provides:

"Where ORS 656.001 to 656.794 does not provide a procedure for administrative or judicial review of actions and orders of the board or State Accident Insurance Fund, the provisions of ORS chapter 183 [Administrative Procedures Act] shall apply."

The Occupational Disease Law commences with ORS 656.802. Thus it is excluded from the purview of ORS 656.704.

Nevertheless, the fact remains that the medical board of review which passed on the claim at hand did not properly perform its statutory functions. It answered the first of the two statutory questions set forth in ORS 656.812 (1) by saying in effect that the claimant did not suffer from an occupational disease, and then answered the second question contained in ORS 656.812(1) by describing in unspecific terms a work-related ailment which may or may not be an occupational disease. It then compounded the problem in answering the statutory question set forth in ORS 656.812 (2) by saying that the claimant's present disability was initiated by an injury of 1951—an answer which can be construed as saying only that claimant's disability was due to an aggravation of a pre-existing injury. The record indicates that the 1951 injury was an on-the-job, compensable injury.[9]

The difficulty lies in the fact that under our existing Occupational Disease Law, three doctors, untrained in the law, without being instructed as is a

[9] This is set forth in the report of the medical board of review which accompanied its answers to the statutory questions.

jury, are required to serve as a combination of jury, medical experts and investigators. Whether a man suffers from a given condition is a question of fact. What caused this condition is usually a question of fact. Whether such a condition is or is not a disease is a matter of law. *Beaudry v. Winchester Plywood Co.,* supra.

The Workmen's Compensation Law provides that aggravation of a previous compensable injury is compensable as an injury rather than as an occupational disease. ORS 656.271.[9] On the other hand, *Beaudry* holds that disability resulting from on-the-job aggravation of a pre-existing condition not caused by an

---

[9] ORS 656.271 provides:

"(1) If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer.

"(2) A request for a hearing on increased compensation for aggravation must be filed with the board within five years after the first determination made under subsection (3) of ORS 656.268. In those cases where a claimant has elected to proceed under subsection (3) of section 43, chapter 285, Oregon Laws 1965, the request for hearing on increased compensation for aggravation must be filed with the board within five years after the date of the first final award of compensation to the claimant, or if there has been no such award, within five years of the order allowing the claim.

"(3) Upon receiving a request for a hearing for increased compensation on account of aggravation, the board shall notify in writing all parties in interest to the claim and shall, if necessary, schedule a hearing before a hearing officer within 30 days after mailing notice of the request for hearing on increased compensation. Subsequent proceedings as to hearings, review and appeal shall conform to ORS 656.010 and 656.262 to 656.382."

injury, in that instance bursitis, is an occupational disease within the meaning of ORS 656.802 (1)(a).

Thus, the findings of the medical board of review are susceptible of being interpreted to mean, (1) the claimant was not suffering from any disease, (2) the claimant was suffering from a disease caused by his employment and therefore compensable as an occupational disease, (3) the claimant was suffering from an aggravation of pre-existing injury which by statute, ORS 656.271, is not compensable as an occupational disease.

■ *Sowell v. Workmen's Comp. Bd.*, supra, dealt with a problem similar to the one in the case at hand. There, this court said:

"The medical review board did not adequately answer the questions which it had a duty to answer. The Workmen's Compensation Board filed the answers given and did nothing to require that they be adequately answered * * *." 2 Or App at 550.

We there held that the proper remedy was the issuance of a writ of mandamus to the medical board of review directing it to answer the statutory questions in view of our opinion in that case. As we pointed out in *Sowell*:

"* * * A legal remedy to require compliance with the statutory plan of obtaining medical answers is imperative." 2 Or App at 550.

ORS 34.110 provides that:

"A writ of mandamus may be issued to any * * * board * * * or person, to compel the performance of an act which the law specially enjoins * * *. The writ shall not be issued in any case

where there is a plain, speedy and adequate remedy in the ordinary course of the law."④

Affirmed.

---

④ A *medical board* of review *is* a special board constituted to act in an individual case. Its members may or may not all be available at some later date after they have purportedly discharged the function for which they were appointed. In this sense, a medical board of review has the attributes of a jury. The ultimate duty of accepting and filing findings, or rejecting them as not in accordance with statute and sending the matter back to the same medical board of review or a newly-constituted medical board of review rests with the Workmen's Compensation Board. It follows that the proper procedure would be for the writ of mandamus in an appropriate case to issue to the Workmen's Compensation Board requiring it to obtain unequivocal answers from a duly-constituted medical board of review.