590 P.2d 909

**Duncan W. CAMPBELL, Petitioner,**

v.

**The Honorable Jack T. ARNOLD, Judge of the Superior Court, Respondent;**

and

**Buel DANIEL and Irene Daniel, husband and wife, Real Parties in Interest.**

No. 13856–PR.

Supreme Court of Arizona,
In Banc.

Jan. 11, 1979.

Rehearing Denied Feb. 6, 1979.

Lesher, Kimble & Rucker, P. C. by Robert O. Lesher, Timothy L. Ryan, Tucson, for petitioner.

Miller, Pitt & Feldman, P. C. by Stanley G. Feldman, Nanette M. Warner, Tucson, for real parties in interest.

CAMERON, Chief Justice.

This is a petition for review of a decision and opinion of the Court of Appeals, No. 2 CA–CIV 2921, filed 23 May 1978. We have jurisdiction pursuant to Rule 47(b), Rules of the Supreme Court, 17A A.R.S.

We need decide only one question on appeal: May parties dissatisfied with a decision of a medical review panel made pursuant to A.R.S. § 12–567, bypass the Superior Court and seek direct relief in the Court of Appeals?

The petitioner, a medical doctor licensed to practice medicine in the State of Arizona, is a "licensed health care provider" as defined by A.R.S. § 12–561. The real parties in interest filed a medical malpractice action against the petitioner in the Superior Court and the matter was referred to a medical liability review panel pursuant to A.R.S. § 12–567(A).

After the hearing, the panel entered the following decision:

"DECISION OF THE PANEL:

"After considering all evidence presented to the panel, the panel votes as follows:

D. Thompson Slutes, Attorney Member, votes in favor of the plaintiff.*

* This member of the panel requests that his vote be explained in that he votes for the plaintiff only on the issue of informed consent.

Dr. Christopher Heller, Medical Member, votes in favor of the defendant.

Jack T. Arnold, Judge, Chairman, votes in favor of the plaintiff.

DATED this 9th day of November, 1977.

/s/ Jack T. Arnold

JACK T. ARNOLD, JUDGE, Chairman

/s/ Christopher J. Heller, MD.
DR. CHRISTOPHER HELLER, MEDICAL Member

/s/ D. Thompson Slutes
D. THOMPSON SLUTES, ATTORNEY Member"

A motion to reconsider the form of the decision was made by one defendant. The following minute entry was made:

"MINUTES OF MEDICAL MALPRACTICE PANEL:

"The Panel having reconvened on January 17, 1978, for the purpose of considering Defendants' Motion for Reconsideration, and the Panel having concluded that their previous form of conclusion as filed on November 4, 1977, was incorrect and not in conformance with A.R.S. 12–557(F).

"The Panel did consider Defendants' Motion for Reconsideration.

"Therefore, the Panel has stated their decision in conformance with A.R.S. 12–567(F).

/s/ Jack T. Arnold
J U D G E      "

And the review panel amended its decision as follows:

"DECISION OF THE PANEL:

"After considering all evidence presented to the panel, the panel finds for the plaintiff, and against all defendants.

DATED this 17th day of January, 1978.

/s/ Jack T. Arnold
JACK T. ARNOLD, JUDGE, Chairman

/s/ D. Thompson Slutes
D. THOMPSON SLUTES, ATTORNEY Member

DR. CHRISTOPHER HELLER, MEDICAL Member."

After receiving the decision of the panel dated 17 January 1978, petitioner moved for reconsideration, attaching to his motion the affidavits of panel members D. Thompson Slutes who stated he had determined that the plaintiff should prevail only on the limited issue of informed consent and that he did not find for the plaintiff on any other issue of medical practice, and Christopher Heller, M. D., who stated that he found for the defendant on all the issues presented to the panel. The judicial member declined to state his reasoning, evidently preferring to stand on the decision of the panel. The motion to reconsider was denied.

■ From that denial of relief, the petitioner brought a special action in the Court of Appeals which accepted jurisdiction because the question was "of public importance requiring prompt resolution."

Article 6, Sec. 1 provides:

"The judicial power shall be vested in an integrated judicial department consisting of a Supreme Court, such intermediate appellate courts as may be provided by law, a superior court, such courts inferior to the superior court as may be provided by law, and justice courts."

In creating the Court of Appeals, our legislature has provided for its jurisdiction:

"§ 12–120.21. Jurisdiction and venue

"A. The court of appeals shall have:

"1. Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed.

"2. Jurisdiction to issue writs of certiorari to review the lawfulness of awards of the industrial commission and to enter judgment affirming or setting aside the awards.

"3. Jurisdiction to issue injunctions, writs of mandamus, review, prohibition, certiorari and other writs necessary and proper to the complete exercise of its appellate jurisdiction."

The Court of Appeals is a court of limited jurisdiction and has only jurisdiction specifically given to it by statute. *Morgan v. Continental Mortgage Investors*, 16 Ariz. App. 86, 491 P.2d 475 (1971); *State v. Sheppard*, 2 Ariz.App. 242, 407 P.2d 783 (1965).

■ Nowhere do we find statutory authority for the Court of Appeals to directly review the decisions of the medical liability review panels. The Court of Appeals, of course, may review actions of the Superior Court in which the decisions of the medical review panels have played a part. If the decision of the medical review panel is erroneous and that error has not been corrected by the trial judge, then, on appeal, the Court of Appeals may speak. But jurisdiction to review the decisions of the medical review panels prior to determination by the Superior Court is not "necessary and proper" for the "complete exercise" of the Court of Appeals' appellate jurisdiction. A.R.S. § 12–120.21(A)(3). We do not find that the Court of Appeals has jurisdiction in this

matter pursuant to the "jurisdiction and venue" statute of the legislation.

Neither do we find any authority for direct review of the panel's action by the Court of Appeals in the statute creating the medical liability review panel. A.R.S. § 12–567. To allow parties in a medical malpractice action to seek appellate review of every decision of the panel prior to trial in the Superior Court would defeat the purpose of the Medical Malpractice Act which is to provide a system whereby meritorious claims can be quickly "separated from * * frivolous ones prior to trial and pretrial settlements [can be] encouraged." *Eastin v. Broomfield*, 116 Ariz. 576, 583, 570 P.2d 744, 751 (1977). Review by the Court of Appeals of the panel's action in the instant case was premature.

The petition for review is granted. The decision and opinion of the Court of Appeals is vacated and the order of the Court of Appeals accepting jurisdiction of the action is set aside.

HAYS and GORDON, JJ., concur.

STRUCKMEYER, Vice Chief Justice, dissenting.

Initially a suit was brought against Duncan W. Campbell, M. D. for medical malpractice. He brought this special action in mandamus in the Court of Appeals, Division 2, to have respondent amend the decision of the Medical Liability Review Panel to conform to the provisions of A.R.S. § 12–567. Dr. Campbell alleged in his petition that one of the members of the Medical Liability Review Panel, established pursuant to Ch. 5.1, Laws of 1976, First Special Session, A.R.S. § 12–561, et seq., "has acted arbitrarily and capriciously and in an abuse of discretion and has failed to perform a duty required by law, as to which he has no discretion, * * *."

It is, of course, elementary that an action will lie in mandamus to compel the performance of an act which the law specially imposes as a duty. *State Board of Technical Registration v. Bauer*, 84 Ariz. 237, 326 P.2d 358 (1958); *Adams v. Bolin*, 77 Ariz. 316, 271 P.2d 472 (1954). Mandamus is an extraordinary legal remedy which proceeds on the assumption that the applicant has an immediate and complete legal right to the thing demanded. *Graham v. Moore*, 56 Ariz. 106, 105 P.2d 962 (1940). It is a writ which issues as of right. *Campbell v. Hunt*, 18 Ariz. 442, 162 P. 882 (1917).

By Ch. 5.1, A.R.S. § 12–567, the Legislature established medical liability review panels consisting of a Superior Court Judge, an attorney licensed to practice law in Arizona, and a physician licensed to practice in Arizona, to whom, upon the filing of a complaint in medical malpractice, the action must be referred and a hearing held at which both parties are entitled to present evidence. It is the obligation of the panel by § 12–567(F) to "determine, with respect to each claim against each defendant, whether the evidence presented to the panel by all parties supports a judgment for the plaintiff or for the defendant." Ch. 5.1 is an obvious legislative attempt to curb the rising and oppressive cost of medical care.

Two claims were made against Dr. Campbell, one founded on surgical malpractice and a second that he failed to provide the real party in interest, Buel Daniel, with information and warnings necessary to permit the giving by Daniel of informed consent. The medical panel, however, made the general finding: "[t]he panel finds for the plaintiff, and against all defendants." Therefore, the question which the Court of Appeals decided was whether the decision of the medical panel complied with A.R.S. § 12–567(F). As stated, that section requires the medical panel to decide "with respect to each claim * * * whether the evidence * * * supports a judgment for the plaintiff * * *." The Court of Appeals in accepting jurisdiction stated as a predicate that the correct interpretation of the statute was a matter of public importance requiring prompt resolution. It also said that the issue was whether § 12–567 is satisfied when the decision of the panel is merely a general finding.

This Court, however, conceives that the dispositive question is: "May parties dissat-

isfied with a decision of a medical review panel made pursuant to A.R.S. § 12–567; bypass the Superior Court and seek direct relief in the Court of Appeals?" This question is foreign to any serious issue in the case up to this time. It is a loaded question, in that it obviously is designed to bring forth a negative answer. The question really is, as the Court of Appeals apprehended, whether a party dissatisfied with the action of a medical review panel can compel it to· act as the law directs.

The majority state: "Nowhere do we find statutory authority for the Court of Appeals to directly review the decisions of the medical liability review panels." Here again the Court's statement is loaded. This is in no sense a review of the medical board's decision. It is not a determination whether on the merits the medical review panel was correct. *Jurisdiction was only accepted by the Court of Appeals to resolve the question of whether the panel acted pursuant to the mandate of the Legislature.*

The Court of Appeals' action is not without precedent. In *Sowell v. Workmen's Compensation Board,* 2 Or.App. 545, 470 P.2d 953 (1970), the Oregon court found that where a medical board of review made a report but did not answer all the questions required by law, mandamus was proper to obtain direct answers to the questions. It said:

"In *Riesland v. Bailey,* 146 Or. 574, 578, 31 P.2d 183, 185, 92 A.L.R. 1207 (1934), the court said:

'* * * The public officer or inferior tribunal may be guilty of * * * such *an evasion of positive duty,* as to amount to virtual refusal to perform the duty enjoined, or *to act at all, in contemplation of law. In such a case mandamus would afford a remedy where there was no other adequate remedy* provided by law * * *.' (Emphasis supplied.)

The cases which we have cited above involved full-time public officers upon which statutory duties are enjoined, but we see no reason why their holdings should not apply as well to a temporary board, such as a medical board, which is constituted under state law and upon which is enjoined a statutory duty. We cannot find any other adequate remedy available for obtaining direct answers to the questions involved." 470 P.2d at 956.

And see *Lawton v. State Accident Insurance Fund,* 5 Or.App. 539, 485 P.2d 1104 (1971).

The majority conclude: "We do not find that the Court of Appeals has jurisdiction in this matter pursuant to the 'jurisdiction and venue' statute of the legislation." It is with this that I am in complete disagreement. A.R.S. § 12–120.21 provides that:

"A. The court of appeals shall have:

\* \* \* \* \* \*

3. Jurisdiction to issue injunctions, writs of mandamus, review, prohibition, certiorari and other writs necessary and proper to the complete exercise of its appellate jurisdiction."

This Court is given jurisdiction in mandamus in almost identical language:

"The Supreme Court shall have:

\* \* \* \* \* \*

4. Power to issue injunctions and writs of mandamus, * * * and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." Constitution of Arizona, Art. 6, § 5, ¶ 4.

In hundreds of cases we have used this power to compel boards and inferior tribunals to comply with the Legislature's directions. The Legislature obviously gave the Court of Appeals the same power—that is, to compel boards and inferior tribunals to act in the manner the law directs.

I dissent.

HOLOHAN, Justice, concurring:

I concur in the dissent.