Argued and submitted September 12, affirmed November 17, 1980,
reconsideration denied January 18,
petition for review allowed March 24, 1981
See later issue Oregon Reports

STATE ex rel KASHMIR CORPORATION,
*Appellant,*

*v.*

SCHMIDT et al,
*Respondents.*

(No. 112,305, CA 17380)

619 P2d 918

M. Chapin Milbank, Salem, argued the cause for appellant. With him on the brief was Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem.

William G. Blair, Assistant City Attorney, Salem, argued the cause for respondents. With him on the brief was William J. Juza, City Attorney, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner appeals from an order of the trial court denying the petitioner's request for damages after it had been granted a peremptory writ of mandamus against the defendants. We affirm.

Kashmir, the petitioner herein, is a corporation engaged in land development and subdivision construction. On October 24, 1978, the City of Salem approved Kashmir's plans for street and storm drain construction for a subdivision. Construction began thereafter, as soon as Kashmir deposited the required construction bond and received the necessary permit. On April 13, 1979, the city sent the petitioner a "stop work order," requiring it to stop construction operations on the property in question as of April 6, 1979. Kashmir halted work in compliance with the city's order. Thereafter, on April 20, Kashmir petitioned the circuit court for an alternative writ of mandamus requiring defendants to withdraw the stop work order, and for damages arising out of the wrongful issuance of the order. On May 14, the court issued a peremptory writ of mandamus, commanding the defendants[1] to rescind their stop work order and allow the petitioner to resume construction on the subdivision.[2] The issue of damages was deferred until later.

In its supplemental pleading on damages, petitioner claims that the stop work order caused a delay in the completion of the subdivision. Petitioner seeks damages for expenses, such as the cost of maintenance and an increase in the price of asphalt, incurred as a result of the delay, and lost profits due to an inability to sell the homes in the subdivision on the date planned. Petitioner alleges:

"That no City ordinance or regulation permitted a City Engineer or Construction Manager to direct that the work

---

[1] The individual defendants are city officials responsible for issuance of the order.

[2] ORS 34.160 provides that:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus shall be allowed in the first instance; in all other cases, the alternative writ shall be first issued."

under a previously approved construction permit be stopped. [and]

"That the actions of the named defendants were arbitrary, capricious and without authority of law, by statute, ordinance or otherwise, and were intended to stop the plaintiff's project and to cause the plaintiff the damages as indicated above and that said actions did intentionally interfere with the economic interests of the plaintiff and did intentionally interfer with the economic relations and contracts of plaintiff with [certain] named third parties * * *."

On March 27, 1980, the court issued an order affirming the peremptory writ of mandamus, but denying petitioner damages. The court found, as a matter of that fact, that:

"(1) Defendants' decision to issue the 'stop work' order [which was the] subject of the Alternative Writ and Supplemental Pleading was, for purposes of ORS 30.265, in the performance of a discretionary function requiring the exercise of judgment.

"(2) Defendants acted in good faith for what they felt to be a legitimate public interest.

"(3) Defendants had the legal authority to issue both the permit and the stop work order."

On that basis, the court entered the following conclusions:

"(1) Defendants were engaged in the performance of a discretionary act, and thus immune from liability pursuant to ORS 30.265(3)(c).

"(2) Defendants are entitled to a qualified privilege in connection with the action taken.

"(3) Defendants would have had factual and legal authority to issue the 'stop work' order except for the 'vested right' of the plaintiff, which as a matter of equity required the issuance of the writ."

ORS 34.210 provides that:

"If judgment [granting a peremptory writ] is given for the plaintiff, he shall recover damages which he has sustained by reason of the premises, to be ascertained in the same manner as in an action, together with costs and disbursements, and a peremptory mandamus shall be awarded."

Relying on this statute, petitioner contends that, once an alternative writ of mandamus becomes peremptory, a plaintiff is entitled to damages as a matter of course, subject to proof of actual damage and the amount. We accept this proposition for the purposes of this appeal. Petitioner argues further that the court's conclusion that the defendants were engaged in the performance of a discretionary act is inconsistent with the issuance of the peremptory writ of mandamus, because such a writ is issued only to compel the performance of non-discretionary acts.[3] As the following analysis demonstrates, we need not consider this second contention.

ORS 34.210 was enacted at a time when state and local governing bodies were immune from liability for torts arising out of governmental functions.[4] *See Hillman v. North Wasco Co. PUD,* 213 Or 264, 323 P2d 664 (1958). In 1967, the Tort Claims Act was passed, abrogating this immunity subject to certain exceptions:

"Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes and agents acting within the scope of their employment or duties, whether arising out of a governmental or proprietary function." ORS 30.265(1).

One such exception arises when the tort arises out of the performance of a discretionary act:

"Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or

---

[3] ORS 34.110 provides that:

"A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise its judgment, or proceed to the discharge of any of its or his functions, it shall not control judicial discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

[4] ORS 34.210 has existed as law in substantially the same form since 1862. *See* General Laws, 1862 § 591.

duty, whether or not the discretion is abused." ORS 30.265(3)(c).

■    A mandamus action which includes a request for damages based on the commission of a tort by a public body is in some respects similar to an action brought pursuant to the Tort Claims Act. The trial court's order in this case is based upon the assumption that the Act governs the case before us.[5] Because this action is like any other tort action brought against a public body, damages can be recovered only if the plaintiff establishes the necessary elements of its case, subject to any applicable defenses the defendant might have. ORS 34.210 itself provides that damages are "to be ascertained in the same manner as in an action." We read this portion of the statute as qualifying an award of damages by making them available only and to the same extent as they would be available if the claim were tried as a separate action at law.

■    The plaintiff's claim in the present case is based on the tort of intentional interference with an economic or business relationship. In order to establish a case under that theory, the petitioner must prove that the defendants intentionally interfered with its economic relationships, that they interfered for an improper purpose or used improper means and that, as a result, the petitioner was injured beyond the mere fact of the interference itself. *Straube v. Larson,* 287 Or 357, 361, 600 P2d 371 (1979); *Erlandson v. Pullen,* 45 Or App 467, 471, 608 P2d 1169 (1980). The existence of improper motive or means is an

___

[5] Whether the Tort Claims Act applies to this case or not, is not an issue before us. However, we will assume for purposes of this opinion, as did the trial court, that its provisions are applicable. *See* ORS 30.320, which provides, in part, that

"* * * An action may be maintained against any governmental writ mentioned in ORS 30.310 for liability in tort *only* as provided in ORS 30.260 to 30.300." (the Tort Claims Act) (Emphasis supplied); and

*See also* ORS 30.300 which provides:

"ORS 30.260 to 30.300 is exclusive and supersedes all home rule charter provisions and conflicting laws and ordinances on the same subject."

*See also Weaver v. Lane County,* 10 Or App 281, 499 P2d 1351 (1972). If the Torts Claim Act is applicable, a plaintiff seeking damages, pursuant to a peremptory writ, would be subject to the notice and other requirements of the Torts Claim Act and to the Act's limitations. *See* ORS 30.260 to 30.300.

element of the plaintiff's case, "rather than a lack thereof being a matter of justification or privilege to be asserted as a defense by defendant." *Straube v. Larson, supra,* 287 Or at 361; *see also Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 582 P2d 1365 (1978). Thus, the petitioner must not only prove intentional interference with its economic relationship, "but also that defendant had a duty of non-interference." *Straube v. Larson, supra,* 287 Or at 361.

In this case, the court found that the defendants acted in good faith for what they felt to be a legitimate public interest, and that they had the legal authority to issue the stop work order. The petitioner does not challenge the basis of these findings.[6]

Given these findings it is clear that the petitioner has failed to establish its case. There is no proof that the defendants acted with either an improper motive or by improper means. Thus, whether or not the trial court was correct in concluding that the defendants' action was discretionary is irrelevant.[7] The decision of the trial court denying plaintiff damages is affirmed.

Affirmed.

---

[6] We note that the plaintiff did not designate the transcript as part of the record on appeal.

[7] As plaintiff correctly points out, the finding that the defendants' decision to issue a stop work order was a discretionary decision contradicts the trial court's issuance of the peremptory writ of mandamus itself. Normally, mandamus will not lie to control the exercise of official discretion or judgment. "The writ of mandamus provided by ORS 34.110 is a proper remedy to compel mimisterial but not discretionary acts." *Sowell v. Workmen's Comp. Bd.,* 2 Or App 545, 551, 470 P2d 953 (1970); *see also Johnson v. Craddock et al,* 228 Or 308, 314, 365 P2d 89 (1961).