Argued January 21, reversed and remanded April 8, 1971

JOHNSON, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

483 P2d 472

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief
were Lee Johnson, Attorney General, and Jacob B.
Tanzer, Solicitor General, Salem.

*Harold W. Adams,* Salem, argued the cause for re-
spondent. With him on the brief were Estep & Daniels,
Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

## SCHWAB, C. J.

The State Accident Insurance Fund appeals from a judgment of the circuit court holding that the claimant, Mrs. Johnson, was entitled to compensation for the reason that her deceased husband had died of an occupational disease (heart disease) resulting from his employment as a fireman. The issue is whether or not under the Occupational Disease Law, ORS 656.802 to ORS 656.824, courts have jurisdiction over the question of whether or not heart disease arose out of employment.

The decedent, at the time of his death from heart disease, had been employed as a fireman by the city of Salem for 23 years. A physical examination some three years before his death revealed no evidence of such disease. Subsequent to her husband's death Mrs. Johnson filed a claim for compensation with the State Accident Insurance Fund under the Occupational Disease Law in accordance with ORS 656.807. The Fund denied the claim on the ground

> "(2) that said claim is not compensable for the reason that there is no evidence that the death of the deceased was due to an occupational disease."

Mrs. Johnson then requested a hearing. The hearing officer found that the evidence presented at the hearing overcame the presumption contained in ORS 656.802 (1)(c) and entered an order affirming the rejection of the claim by the State Accident Insurance Fund. ORS 656.802 (1)(c) provides that death or disability from heart disease shall be disputably presumed to result from a fireman's employment if a physical

examination at some point upon or after his becoming a fireman fails to reveal any evidence that such condition pre-existed his employment.

ORS 656.808 provides that a final order of the hearing officer in a claim involving occupational disease may be rejected by the claimant or employer and that such rejection acts as an appeal to a medical board of review.

ORS 656.810 provides that a medical board of review shall consist of three doctors and that this board of review shall have jurisdiction to pass on and decide the questions enumerated in ORS 656.812 which provides:

"(1) The medical board of review shall examine the claimant and all the records of his employment and claim, and from such examination make findings upon the issues of the claim.

"(2) Such findings, when made, shall be signed by at least two members of the medical board of review and shall contain the answers to the following questions:
"* * * * *

"(c) Has such disease or infection, if any, been caused by and did it arise out of and in the course of claimant's regular actual employment in such industrial process, trade or occupation?
"* * * * *

"(3) If the claim is for death benefits under ORS 656.802 to 656.824, the medical board of review shall find on each of the questions in subsection (2) of this section as of a date immediately preceding the employe's death and in addition shall find the cause of death."

Subsection (2)(c) of ORS 656.812 makes it clear that the question of whether the heart disease which caused Mr. Johnson's death arose out of and in the course of

his employment as a fireman is a question within the jurisdiction of the medical board of review.

The procedure outlined above was not followed. At oral argument before this court counsel for both parties stated that the appeal was taken directly to the circuit court by agreement between them. Perhaps this was due to the fact that at the time the parties so agreed and at the time the trial judge took jurisdiction they did not have the benefit of the opinion of the Supreme Court in *Beaudry v. Winchester Plywood Co.*, 255 Or 503, 469 P2d 25 (1970), which was subsequently handed down.

■ In any event, as *Beaudry* points out, the statutory scheme is that in occupational disease cases the courts have jurisdiction over legal questions and the medical board of review has jurisdiction over those questions enumerated in ORS 656.812. "Jurisdiction of the subject matter cannot be conferred by stipulation." *Logsdon v. State and Dell*, 234 Or 66, 71, 380 P2d 111 (1963).

■ The claimant argues that the question is solely a matter of law because the evidence produced at the hearing before the hearing officer was insufficient to overcome the presumption declared by ORS 656.802. Meritorious as her position as to the sufficiency of the evidence may well be, the ultimate question is still one of fact for the medical board of review. The medical board of review is not confined to a decision based upon an evaluation of the testimony of the medical witnesses before the hearing officer. The doctors constituting the board have the duty to examine all the records and draw their own conclusion as experts. Their factual findings and conclusion may be entirely

different from that of the medical witnesses who testified before the hearing officer, as well as different from that of the hearing officer himself.

Furthermore, even if by some form of reasoning we could conclude that the question of whether or not the decedent's heart disease arose out of his employment was a question of law rather than fact, we would not have jurisdiction. *Demitro v. State Industrial Acc. Com.*, 110 Or 110, 112, 223 P 238 (1924).

ORS 656.812 (2)(c) tells us that the question here raised is for the medical board of review regardless of whether it is a question of law, a question of fact, or a mixed question of law and fact.

Reversed and remanded.