Argued September 20, reversed and remanded for further
proceedings in accordance with this opinion
November 26, 1971

# THURSTON, *Respondent, v.* STATE ACCIDENT INSURANCE FUND, *Appellant.*

490 P2d 1280

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Richard Noble, and Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

The State Accident Insurance Fund appeals from a judgment of the circuit court holding that the claimant was suffering from an occupational disease and directing the payment of compensation. No useful purpose would be served by a recital of the facts other than to note that two of the three members of the medical board of review wrote medical reports indicating that the claimant had a disability resulting from

an on-the-job aggravation of a pre-existing disease—
and then belatedly filed answers to the statutory
questions, ORS 656.812, which, although not executed
in statutory form, indicated that two of the three mem-
bers of the board were answering "no" to the question,
"Does claimant suffer from an occupational disease
or infection? * * *"

■■ While, as *Beaudry v. Winchester Plywood Co.,*
255 Or 503, 516, 469 P2d 25 (1970), points out, "* * *
To say the least, the occupational disease law is not a
masterful job of statutory drafting * * *," we can
neither ignore nor rewrite it. The proceedings, both
at the administrative and judicial level, which gave
rise to this appeal took place prior to *Lawton v. SAIF,*
5 Or App 539, 485 P2d 1104 (1971), and *Johnson v.
SAIF,* 5 Or App 201, 483 P2d 472 (1971), although
not prior to *Sowell v. Workmen's Comp. Bd.,* 2 Or App
545, 470 P2d 953 (1970), and were in conflict with those
decisions. As we pointed out in *Lawton, Beaudry*
holds that "disability resulting from on-the-job aggra-
vation of a pre-existing condition not caused by an
injury * * * is an occupational disease within the
meaning of ORS 656.802(1)(a)." It is obvious from
the records of this case that the board of medical
review did not know that this was the law. When a
board of medical review is appointed it should be so
advised by the Workmen's Compensation Board.

We note that the Fund requested review by a
medical board of review pursuant to ORS 656.808 on
December 9, 1969, that the board was not organized
until February 2, 1970, and that it did not submit its
answers to the statutory questions until January of
1971.

ORS 656.726 charges the Board with general
supervision, regulation and enforcement of the work-

men's compensation laws and authorizes the Board to make and declare rules and regulations reasonably required in the performance of its duties. This statute gives the Board the authority and the duty to provide for timely appointment of members of a medical board of review and to require that a board, once appointed, function within the time limits prescribed by ORS 656.810 and ORS 656.814.

It follows that the judgment in this case must be set aside and the matter remanded to the Workmen's Compensation Board for submission to a medical board of review[1] which has been properly advised as to the Oregon definition of occupational disease.

Reversed and remanded for further proceedings in accordance with this opinion.

---

[1] A medical board of review is a special board constituted to act in an individual case. Its members may or may not all be available at some later date after they have purportedly discharged the function for which they were appointed. In this sense, a medical board of review has the attributes of a jury. The ultimate duty of accepting and filing findings, or rejecting them as not in accordance with statute and sending the matter back to the same medical board of review or a newly-constituted medical board of review rests with the Workmen's Compensation Board.