Submitted on appellant's brief December 3, 1971, reversed and remanded with instructions January 6, 1972

WARE, *Respondent, v.* STATE ACCIDENT INSURANCE FUND, *Appellant.*

492 P2d 484

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Claimant requested and was granted a hearing in which he protested a denial of his claim for compensation based upon an alleged disabling occupational disease. The hearing officer found as a fact that claimant was not suffering from a compensable occupational disease.

Instead of "an appeal to the medical board of review under ORS 656.808 et seq," claimant appealed directly to the circuit court, purportedly under ORS 656.810(4). The defendant filed a timely motion to dismiss in the circuit court as contemplated by *Beaudry v. Winchester Plywood Co.*, 255 Or 503, 469 P2d 25 (1970), in which the court stated:

"* * * The party prevailing before the hearing officer will then be able to terminate the appeal without further proceedings by a motion to dismiss, if the matters sought to be appealed are not within the cognizance of the circuit court but are within that of the medical board of review * * *." 255 Or at 510.

The circuit court denied the motion and entered a judgment order finding, *inter alia*:

"(2) That claimant has an occupational disease;

"(3) That the claimant has an occupational disease disability, the nature and extent of which must be determined;

"(4) That this case be remanded to the Workmen's Compensation Board for the convening of a Medical Board of Review to determine the issue of the extent of disability * * *."

The determination that a claimant suffers from a particular condition and usually the causes of that condition are questions of fact, as is the question of

whether that condition is disabling. Jurisdiction to determine such questions is vested by statute, ORS 656.802 et seq, in the medical board of review and not in the circuit court. *Johnson v. SAIF*, 5 Or App 201, 483 P2d 472 (1971).

Reversed and remanded with instructions to dismiss claimant's appeal.