Argued March 29, reversed and remanded with
directions April 21, 1972

SCHOCH, *Respondent*, *v.* STATE ACCIDENT
INSURANCE FUND, *Appellant.*

496 P2d 53

*Al J. Laue,* Assistant Attorney General, Salem,

argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Raymond J. Conboy*, Portland, argued the cause for respondent. With him on the brief were Richard Noble, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

SCHWAB, C.J.

The principal question presented in this workman's compensation case is: What is the proper procedure to be followed when a claim is made for aggravation of a previously accepted claim for disability because of occupational disease?

The statutes establish administrative procedures to be followed when an original claim is for accidental injury, *see,* ORS 656.262 to 656.382, and when an original claim is for occupational disease benefits, *see,* ORS 656.802 to 656.824, the principal difference being that a Medical Board of Review makes a final determination of certain facts in an occupational disease case. The statutes also establish procedures for processing claims of aggravation of an accidental injury, ORS 656.271, which are the same as are followed in processing an original claim for accidental injury. However, the statutes do not explicitly describe the procedures to be followed in a case, like this one, involving aggravation of an occupational disease.

The State Accident Insurance Fund argues these types of claims should go from the hearing officer to a Medical Board of Review, just as an original claim

for occupational disease benefits does. Claimant argues the proper procedures in this case are the same as would be followed in an aggravation-of-an-accidental-injury case.

■ We are persuaded that claimant's interpretation of the statutes is the more reasonable one. ORS 656.271, which establishes procedures for claims of aggravation of an accidental injury, applies when

"* * * subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable *injury* * * *." (Emphasis supplied.)

ORS 656.804(1) provides:

"An occupational disease * * * is considered an *injury* * * * except as otherwise provided in ORS 656.802 to 656.824." (Emphasis supplied.)

These two sections, read together, suggest the same procedures are to be followed in processing all aggravation claims.

We find nothing in ORS 656.802 to 656.824 that provides otherwise. The general rule there stated is:

"The procedure for * * * processing * * * occupational disease claims shall be the same as provided for accidental injuries * * *." ORS 656.807 (4).

This general rule is subject to one important exception:

"In every case of the rejection of a final order of the hearing officer under ORS 656.808, *involving the issues enumerated in ORS 656.812,* there shall be appointed a medical board of review, which board of review shall have jurisdiction to pass upon and decide such issues." ORS 656.810(1). (Emphasis supplied.)

Looking to the issues enumerated in ORS 656.812 it appears to us that the five statutory questions in that section are for the most part irrelevant to an aggravation claim.

We hold that ORS 656.271 applies to all aggravation claims. We note that the record in this case indicates the Workmen's Compensation Board agrees with this interpretation of the statutes, since it considered the claim here involved.

■ The proper procedures were followed in this case up to a point. Claimant appealed the hearing officer's adverse determination to the Workmen's Compensation Board, and then further appealed to the circuit court. However, the trial judge then ordered that the claim be

> "* * * remanded to the Workmen's Compensation Board for the convening of a Medical Board of Review for the sole purpose of establishing the extent or degree of disability resulting from the aggravation of the claimant's occupational disease * * *."

Under the view we have adopted of the statutes in question this was error. The trial judge should have determined the matter on the merits, just as would be done in any other aggravation claim appealed to the circuit court.

■ The trial judge also ordered the State Accident Insurance Fund to pay claimant's attorney fees based on ORS 656.386(1), which provides:

> "In all cases involving accidental injuries where a claimant *prevails in an appeal to the circuit court* from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney * * *." (Emphasis supplied.)

This order was premature since claimant has not yet prevailed on the merits in the circuit court. *Peterson v. Compensation Dept.,* 257 Or 369, 477 P2d 216 (1970).

Reversed and remanded for further proceedings in accordance with this opinion.