Argued March 30, affirmed April 16, petition for rehearing denied
May 10, petition for review denied July 17, 1973

UNIVERSAL UNDERWRITERS INSURANCE
COMPANY, *Respondent, v.* WILSON ET AL,
*Appellants.*

508 P2d 827

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Lawrence B. Rew,* Pendleton, argued the cause for respondent. With him on the brief were Corey, Byler & Rew, Pendleton.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The sole issue on this appeal is whether the extent of disability arising out of an occupational dis-

ease must be reviewed by a medical board of review under the provisions of the Occupational Disease Law, ORS 656.802 to 656.824.

The facts are undisputed. Plaintiff is a private carrier insuring a direct responsibility employer for compensable injuries to employes under the Workmen's Compensation Law. Myron Carey, a workman, filed for benefits as a result of a claimed occupational disease. The parties agreed that there was no question of the workman's right to compensation for an occupational disease, the sole question being the extent of the resulting disability. After a hearing, a hearing officer awarded Carey permanent total disability. The plaintiff insurance carrier rejected the hearing officer's opinion and order pursuant to ORS 656.808[1] thereby requesting the convening of a medical board of review.

The Workmen's Compensation Board, relying on this court's opinion in *Schoch v. SAIF,* 9 Or App 100, 496 P2d 53 (1972), did not convene a medical board of review, but, rather, treated the matter as one for review by the Workmen's Compensation Board. Plaintiff thereupon filed its petition in the circuit court of Marion County for a writ of mandamus to require the Board to convene the medical board of review. The Board demurred, the circuit court overruled the demurrer and granted the writ. We agree with the circuit court.

---

[1] ORS 656.808 provides:

"A final order of the hearing officer in any claim involving occupational disease may be rejected by the claimant or employer, in writing, filed at the office of the Workmen's Compensation Board within 90 days after the date of such order. Such rejection acts as an appeal to the medical board of review."

*Schoch v. SAIF,* supra, did not deal with an original claim of an occupational disease. Rather, it dealt with "\* \* \* a claim \* \* \* for aggravation of a previously accepted claim for disability because of occupational disease." 9 Or App at 101. We there noted:

"The statutes establish administrative procedures to be followed when an original claim is for accidental injury, *see,* ORS 656.262 to 656.382, and *when an original claim is for occupational disease benefits, see,* ORS 656.802 to 656.824, the principal difference being that a Medical Board of Review makes a final determination of certain facts in an occupational disease case. The statutes also establish procedures for processing claims of aggravation of an accidental injury, ORS 656.271, which are the same as are followed in processing an original claim for accidental injury. However, the statutes do not explicitly describe the procedures to be followed in a case, like this one, involving aggravation of an occupational disease.

"The State Accident Insurance Fund argues these types of claims should go from the hearing officer to a Medical Board of Review, just as an original claim for occupational disease benefits does. Claimant argues the proper procedures in this case are the same as would be followed in an aggravation-of-an-accidental-injury case." 9 Or App at 101-02. (Emphasis supplied.)

We then interpreted the workmen's compensation statutes, taken as a whole, to require that aggravation-of-occupational-disease claims be handled in the same manner as aggravation-of-accidental-injury claims. The Workmen's Compensation Board argues that the first four of the five questions to be determined by a medical board of review, ORS 656.812,[2] are just as ir-

---

[2] ORS 656.812 provides:

"(1) The medical board of review shall examine the claim-

relevant in the case at bar as they were in *Schoch v. SAIF,* supra, and that therefore logically the same procedures should be followed in the case at bar as we required be followed in *Schoch.* As we noted in *Thurston v. SAIF,* 7 Or App 273, 275, 490 P2d 1280 (1971), while the occupational disease law may not be a masterful job of statutory drafting, "we can neither ignore nor rewrite it." There is no precise statutory provision covering the facts of *Schoch.* Rather, we were there faced with a statutory ambiguity. On the contrary, under the facts here before us, "ORS 656.812 * * * tells us that the question here raised is for the medical board of review regardless of whether it is a question of law, a question of fact, or a mixed question of law and fact." *Johnson v. SAIF,* 5 Or App 201, 205, 483 P2d 472 (1971).

Affirmed.

---

ant and all the records of his employment and claim, and from such examination make findings upon the issues of the claim.

"(2) Such findings, when made, shall be signed by at least two members of the medical board of review and shall contain the answers to the following questions:

"(a) Does claimant suffer from an occupational disease or infection? If so, what?

"(b) When was such disease or infection, if any, contracted, and approximately how long has claimant suffered therefrom?

"(c) Has such disease or infection, if any, been caused by and did it arise out of and in the course of claimant's regular actual employment in such industrial process, trade or occupation?

"(d) Is such disease, if any, disabling to the claimant?

"(e) If so, to what degree is claimant disabled by such occupational disease?

"(3) If the claim is for death benefits under ORS 656.802 to 656.824, the medical board of review shall find on each of the questions in subsection (2) of this section as of a date immediately preceding the employe's death and in addition shall find the cause of death."