Argued March 28, affirmed May 14, petition for rehearing denied June 14, petition for review denied October 2, 1973

CULVER, *Appellant, v.* SHEETS ET AL, *Respondents.*

509 P2d 1221

*Warren A. McMinimee,* Tillamook, argued the cause for appellant. With him on the briefs were McMinimee & Kaufman, Tillamook.

*Lee S. Werdell,* District Attorney, Tillamook, argued the cause for respondents. With him on the brief was William H. Bowyer, Deputy District Attorney, Tillamook.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C.J.

Petitioner seeks a writ of mandamus requiring the Board of County Commissioners for Tillamook County, its planning directors and building permit officer to issue a permit authorizing petitioner to construct a motel and restaurant on his oceanfront property in Twin Rocks.

Petitioner's application for a conditional use permit was approved by the Tillamook County Planning Commission.① Persons living in the area adjacent to petitioner's property appealed that decision to the board of county commissioners, which reversed the planning commission. Petitioner was denied a writ of mandamus by the circuit court.

Petitioner contends that no proper appeal was ever filed with the board of county commissioners, and hence it was without jurisdiction to review the decision of the planning commission. He further contends that even assuming that it had jurisdiction, the board of county commissioners acted arbitrarily and capriciously in revoking the conditional use permit previously authorized by the planning commission.

I

Petitioner applied for the conditional use permit April 1, 1971. Public hearings were conducted April

---

① Petitioner's property was located in an area classified by the Tillamook County Zoning Ordinance as High Density Residential, R-3. Conditional uses permitted in that zone, subject to the authorization of the planning commission, and further subject to review by the board of county commissioners, include a motel and restaurant.

22, May 13 and August 26, 1971. The minutes of the May 13 meeting reflect that a motion was passed that " 'the conditional use be granted, however, final location of the motel and design must be submitted to the Planning Commission for approval.' " The people in attendance were advised that no further public hearings on the matter were required, and the appeal procedure was explained to them.

Mr. Kerrigan, the attorney for those opposed to the granting of the conditional use, wrote to each of the county commissioners the day after the May 13 meeting. The letter said, in pertinent part: "* * * I am herewith filing notice of appeal from the decision of the Planning Commission * * *." The board replied that it did not consider the planning commission's action to be a final decision, and consequently rejected the appeal as untimely. At the meeting on August 26, 1971, the planning commission gave its final approval to petitioner's conditional use application.

Thereafter, Mr. Kerrigan engaged in correspondence with both the planning commission and the board of county commissioners, requesting copies of pertinent motions, and advising both commissions:

"This is also notice of the intention of my clients to file an appeal concerning the decision of the Tillamook County Planning Commission's allowance of the building of the Twin Rocks Motel complex."

. The Tillamook County Zoning Ordinance makes the following provisions for appeals from decisions of the planning commission:

"Section 10.020. Appeal from Ruling of Planning Commission. An action or ruling of the planning commission pursuant to this ordinance may

be appealed to the board of county commissioners within 15 days after the planning commission has rendered its decision. Written notice of the appeal shall be filed with the secretary of the court. If the appeal is not filed within the 15-day period, the decision of the planning commission shall be final
* * *."

Mr. Kerrigan's above-quoted letter to the board of county commissioners was dated September 9. Petitioner offered no evidence and did not contend that it was not received by the addressee the following business day as were other communications similarly mailed.

Petitioner claims the September 9 letter cannot be construed as proper notice of appeal because it was addressed to the board of county commissioners instead of to its secretary, and because it spoke of notice of an *intention* to file an appeal, rather than notice of present appeal.

■ Notice of appeal serves two functions. It invokes appellate jurisdiction by transferring the cause to the reviewing authority while the question sought to be reviewed remains open to appeal, and it informs the parties and tribunals that the matter is not concluded so that they may respond accordingly. *Badger v. Rice,* 124 Vt 82, 196A2d 503, 505 (1963). We hold that the notice filed with the county commissioners adequately served both functions.

■ The trial court characterized the first point raised as "unnecessarily technical," and went on to observe:

"* * * The purpose of notice is to give notice, and in this instance, notice to the County Commissioners. That the Commissioners received such notices cannot be doubted. It is immaterial whether

or not the secretary to the Board of Commissioners received notice. The secretary's duties are simply clerical. She has no ex officio office either under the Zoning Ordinance or under the general law."

The trial court's analysis is correct: The requirement that notice be filed with the secretary is not to give notice to the secretary, but to insure that the commissioners receive it.[2] This situation is analogous to that involved in *Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972), where the statute required notice to be sent by registered mail. The Supreme Court interpreted the requirement as making notice effective if so mailed, even if not received. The failure to comply with the requirement of registration was held immaterial where it was agreed that notice was actually sent and received.

Similarly, in the instant case, there is no contention that the September 9 letter was not actually received. Mailing the notice to the commissioners, and its receipt within the time provided, constituted substantial compliance with the ordinance. *See, Parks v. Co. Comm./Spliid,* 11 Or App 177, 501 P2d 85, 104 (1972), Sup Ct *review denied* (1973); *Badger v. Rice,* supra.; 3 Anderson, American Law of Zoning § 16.15, 194-97 (1968).

■ As to the claimed defect in the wording of the notice of appeal, we note that the ordinance does not specify the form in which notice shall be given. While

_____

[2] We note the record indicates that the secretary opened all mail addressed to the commissioners, so that as a practical matter all notices of appeal mailed to the board office are effectively filed with the secretary. We note further that the appeal sent after the May 13 meeting, though addressed to each commissioner separately, was not claimed to be defectively filed on that account, and was only rejected as premature.

the notice herein was inartfully worded, it did convey the essential information, i.e., it both informed that the matter was not concluded, and invoked the jurisdiction of the reviewing authority. Consequently, the Tillamook County Board of Commissioners had jurisdiction over this appeal.

## II

In reversing the planning commission, the board made the following findings:

"1. The motel and restaurant facility proposed in this conditional use request would not be reasonably compatible with the developed existing land uses on the adjacent and nearby properties.

"2. The granting of the conditional use request would set a county-wide precedent of authorizing development that carries substantial danger to dune areas without adequate safeguards or investigation of likely dangers. There has been conflicting scientific evidence of the stability of the dune area, and, at this point, on the basis of our present knowledge, authorizing the use proposed would be gambling with its stability.

"3. The property owners have a right to rely on what has been set forth in zoning and also to rely on the comprehensive plan adopted by the Planning Commission for this area.

"4. The proposed restaurant-motel complex would generate more problems than another conditional use which was previously denied by the Planning Commission for that area."

■■ Petitioner originally contended that these findings represent arbitrary and capricious action by the board. In a supplementary brief, he urges that as tested by the guidelines of *Fasano v. Washington Co. Comm.*, 264 Or 574, 507 P2d 23 (1973), the action of the board is unsupported by the record

and amounts to spot zoning inconsistent with the comprehensive plan pursuant to which the zoning ordinance was adopted.

Petitioner's claim is without merit. It is true, as he says, that the comprehensive plan has as an objective the development of recreational facilities and accommodations in the coastal area. However, an equally important objective is "* * * to prevent the destruction of the prime economic resources of natural beauty and wildlife." A Preliminary Comprehensive Plan, Barview-Rockaway Beach Area, Tillamook County, Oregon, March 1969, p 4. Guidelines used in attempting to achieve the objectives include, in pertinent part:

"3. The intensity or density of such growth and expansion will be directly related to the capacity of the land. Water supply, sewage disposal facilities, and access should be adequate.

"4. The coastal areas are strongly recreation oriented, and most activities of this type are compatible with other uses where development is sparse. However, where a concentration of activities takes place, it is best to separate land uses which conflict with one another in the interest of preserving property values. Residential neighborhoods and the more intensive commercial and recreational activities are generally separated; however, some mixture of residential and tourist activities can take place subject to mutual consideration." A Preliminary Comprehensive Plan, supra, p 5.

The zoning ordinance itself classifies petitioner's property as High Density Residential, R-3, and permits motel and restaurant accommodations only as a conditional use.

There was evidence that petitioner's proposed

use would overburden the capacity of available facilities, such as sewer and water, and conflict with established residential and small tourist home uses. The board was required to consider these factors in arriving at its decision, and findings 1 and 3 are supported by the record.

The board was also required to consider whether the proposed use would endanger the dune area, since under the comprehensive plan, a primary objective is to protect natural beauty and wildlife. On this point, conflicting expert opinion was offered. Petitioner offered the results of the investigations of an engineering firm and a nursery owner apparently specializing in dune stabilization, which were favorable to the proposed use. The board also had reports from an engineering geologist from the State Department of Geology and Mineral Industries, and from an assistant professor of Oceanography, both of which characterized the dunes area as unstable and unsuitable for such building purposes. Finding 2 is supported by the evidence, and the commission's decision not to "gamble" with the stability of the dunes was a proper exercise of their discretion.

The relevance of finding 4 is somewhat obscure; the board may have been seeking thereby to forestall accusations that it was inconsistent. In any case, it has no effect on the validity and sufficiency of the first three findings.

■ Petitioner's reliance on the *Fasano* case is misplaced. Assuming, *arguendo,* that the principles articulated therein affect this case, they can only make petitioner's burden greater, since it is he who seeks a deviation from existing zoning. The board's findings were adequately supported by the record, and, there-

fore, cannot be disturbed on judicial review. *See, Archdiocese of Port. v. Co. of Wash.,* 254 Or 77, 458 P2d 682 (1969); *Milwaukie Company of Jehovah's Witnesses v. Mullen et al,* 214 Or 281, 330 P2d 5, 74 ALR2d 347 (1958), *cert denied* 359 US 436, 79 S Ct 940, 3 L Ed 2d 932 (1959).

Affirmed.