Argued April 23, affirmed May 14, 1973

NIELSEN, *Appellant, v.* WILSON ET AL,
*Respondents.*
509 P2d 867

*J. David Kryger,* Albany, argued the cause for appellant. With him on the briefs were Emmons, Kyle, Kropp & Kryger, Albany.

*Marshall C. Cheney, Jr.,* Portland, argued the cause for respondents. With him on the brief were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an appeal from an order sustaining defendants' demurrer to an alternative writ of mandamus.

Petitioner was an insurance adjuster whose occupation required that he travel by auto a great deal. He filed a claim for compensation on the basis that his traveling had aggravated a pre-existing back condition. The claim was denied, and after a hearing, the hearing officer ruled that petitioner had sustained an occupational disease in that his pre-existing back condition was aggravated by his employment activities. The employer's carrier "rejected" the hearing officer's

opinion (ORS 656.808), and a medical board of review was convened to consider whether petitioner had sustained an occupational disease. After consideration, the medical board answered the statutory questions set out in ORS 656.812, but the answer to the first question, whether petitioner suffered from an occupational disease, was not adequate in that it was not in "yes" or "no" form. The Workmen's Compensation Board sent the matter back to the medical board of review, requiring that it definitively answer the statutory questions. The second time, the medical board of review answered the question "Does claimant suffer from an occupational disease or infection?" in the negative. This answer was final and binding upon the Workmen's Compensation Board, ORS 656.814, and therefore the WCB ruled that petitioner had not sustained an occupational disease.

All of the above events took place in late 1970. The hearing officer's initial opinion and order was entered on September 18, 1970; the employer's rejection of that opinion and order was made some time prior to November 23, 1970, which was the date on which petitioner was examined by the physicians on the medical board of review and the date on which its initial answers to the statutory questions were rendered; the matter was remanded to the medical board of review, with directions to answer the statutory questions definitively, on December 7, 1970; the medical board's second set of answers was rendered on December 14, 1970; and the order of the Workmen's Compensation Board filing these answers was entered on December 16, 1970. The record reflects the fact that petitioner's attorneys were apprised of each step of this process.

The petition for alternative writ of mandamus

was filed on July 12, 1972, nearly 19 months after the last action by the Workmen's Compensation Board in this matter.[1] The petition recited the above sequence of events, and prayed that the Workmen's Compensation Board be ordered to instruct the medical board of review that "occupational disease" includes on-the-job aggravation of a pre-existing condition not caused by an injury.[2] The petition also prayed (1) that the medical board be ordered to revise its answer to conform with its medical findings of fact, and that the Workmen's Compensation Board be directed to accept the revised answers and award compensation; or (2) that the Workmen's Compensation Board be directed to accept the medical board's findings of fact as saying that it had found an occupational disease or accidental injury, and award compensation.

■■ With regard to the latter prayer, viz., that the court order the medical board of review or the Workmen's Compensation Board to reach particular results on the merits of petitioner's claim, the law is well-settled that mandamus cannot be so utilized. *See Sowell v. Workmen's Comp. Bd.,* 2 Or App 545, 470 P2d 953 (1970), and authorities cited therein. With regard to the first prayer, that the Workmen's Compensation Board be ordered to instruct the medical

[1] The abstract of record appended to petitioner's brief indicates that petitioner filed a petition for reconsideration by the medical board of review on February 3, 1972, some 13½ months after the final action on the claim. However, no reference to this alleged petition appears in the record before us, nor was the petition for reconsideration referred to in the petition for the alternative writ of mandamus. Since this matter is before us on demurrer, we are concerned only with what appears on the face of the alternative writ.

[2] That "occupational disease" includes such aggravation was decided by the Oregon Supreme Court in Beaudry v. Winchester Plywood Co., 255 Or 503, 469 P2d 25 (1970).

board as to the Oregon definition of "occupational disease," it may be that this would be a proper subject for mandamus in cases arising after *Thurston v. SAIF,* 7 Or App 273, 490 P2d 1280 (November 26, 1971), assuming that the petitioner alleged a request for proper instruction, a refusal, and exhaustion of or inadequacy of remedies at law. However, the events in this case took place nearly a year before the decision in *Thurston,* and thus the Workmen's Compensation Board had no clear duty to so instruct the medical board. Therefore, mandamus will not lie. ORS 34.110. *Cf. Seufert et al. v. Stadelman et al.,* 178 Or 646, 167 P2d 936 (1946); *Sowell v. Workmen's Comp. Bd.,* supra.

■■ In addition to its failure to allege an existing and enforceable duty, the alternative writ also fails to allege facts to support the conclusion that petitioner had exhausted any and all remedies at law.[9] The absence of such allegations on the face of the alternative writ rendered it vulnerable to demurrer.

Finally, the face of the alternative writ shows a long and unexplained delay of 19 months between the time of the administrative proceeding herein and the filing of the petition for the writ of mandamus. Even if none of the deficiencies referred to in the previous discussion were present in this case, it could well be that defendants' demurrer would have been properly sustained because of petitioner's laches. *Buell v. Jefferson County Court,* 175 Or 402, 409-11, 152 P2d 578, 154 P2d 188, 155 ALR 1135 (1944).

---

[9] Petitioner's plain remedy was to appeal the legal issue of instruction to the circuit court pursuant to ORS 656.810 (4), as was done in Beaudry v. Winchester Plywood Co., supra, and Thurston v. SAIF, supra.

For the above reasons, we hold that defendants' demurrer to petitioner's alternative writ of mandamus was properly sustained.

Affirmed.