Argued November 2, reversed and remanded November 26, 1973

SKIRVIN, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 73 1182),
*Respondent.*

516 P2d 91

*Harold W. Adams,* Salem, argued the cause and
filed the briefs for appellant.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Lee Johnson, Attorney General, and John W.
Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and
THORNTON, Judges.

SCHWAB, C. J.

The sole issue in this case involves an application of that portion of the occupational disease law which provided that a medical board of review should hear appeals from findings of a hearing officer in occupational disease cases. The statutes, ORS 656.808 through 656.822, which were in effect at all stages of the proceedings below, have been repealed by Oregon Laws 1973, ch 543, p 1198, and therefore this opinion is probably of little interest except to the parties.

Loren Skirvin, now deceased, was a fireman. While fighting a fire he inhaled smoke and was hospitalized for treatment. In the course of the treatment the doctors discovered that he had lung cancer, from which he subsequently died. His widow's claim is that the smoke inhalation aggravated the decedent's pre-existing cancer. The hearing officer found that the smoke inhalation did not aggravate the cancer, and denied compensation.

Claimant then petitioned the Workmen's Compensation Board to submit the claim to a medical board of review. The Board did not do this, but, rather, assumed jurisdiction and affirmed the hearing officer, stating in its order on review:

"The basic issue is, of course, whether the smoke inhalation episode aggravated the decedent's pre-existing cancer. The Hearing Officer concluded that it did not and with that conclusion, we agree. His order should therefore be affirmed in its entirety."

The trial court affirmed the Board.

We reverse and remand for the appointment of a medical board of review under the provisions of former ORS 656.808 through 656.822. As we pointed

out in *Lawton v. SAIF,* 5 Or App 539, 485 P2d 1104 (1971), citing *Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970):

"* * * [D]isability resulting from on-the-job aggravation [here smoke inhalation] of a pre-existing condition [here lung cancer] not caused by an injury * * * is an occupational disease * * *." 5 Or App at 544-45.

The Board relies on *Schoch v. SAIF,* 9 Or App 100, 496 P2d 53 (1972), which is not determinative here. *Schoch* held that the statutory procedure applicable to injury claims rather than the statutory procedure formerly applicable to occupational disease claims should be followed when the claim is made for aggravation of a previously accepted claim for disability because of occupational disease. *Schoch* does not deal with a covered on-the-job aggravation of a preexisting physical defect. Such an aggravation is an original occupational disease claim. *Lawton v. SAIF,* supra.

Reversed and remanded.