Argued May 21, reversed and remanded June 11, 1974

BILLINGS, *Respondent, v.* CROUSE (No. 388393),
*Appellant.*
522 P2d 1401

*Allen G. Owen,* Portland, argued the cause and filed the brief for appellant.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, and Brian L. Welch, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

This is a workmen's compensation case. Crouse, the employer, is the appellant. The claimant, Billings, is 38 years old and has had muscular dystrophy since he was 10. Until recently, the disease did not prevent him from working but it did limit his activities. Approximately 10 years ago he was trained by the Vocational Rehabilitation Division to be a barber. He worked as a barber thereafter until December 1970. He worked for Crouse from January 1969 to December 1970 when he was fired.

In September 1971 Billings filed a claim for compensation on the ground that his activities as a barber had aggravated his muscular dystrophy, causing him to become disabled. His claim was denied and at his request a hearing was held on August 2, 1972. The

hearing officer rejected the claim. After receiving the hearing officer's opinion, claimant filed the following request for review with the Workmen's Compensation Board:

> "The Claimant, Robert Billings, requests the Workmen's Compensation Board to review the order of Hearing Officer Page Pferdner, dated the 29th day of August, 1972.
>
> "Less than 30 days have passed from the date of the issuance of the order to the filing of this Request for Review.
>
> "The grounds for this review are:
>
> "Claimant sustained a compensable injury in the course of his employment and is entitled to compensation and attorneys' fees."

The Board reviewed the record and affirmed the hearing officer's order. Claimant then appealed the Board's order to the circuit court, which reversed the Board's order, and ordered that the claim be remanded for a hearing to determine the degree of claimant's disability. Defendant now appeals to this court.[1]

This is a claim for an occupational disease.

"* * * As we pointed out in *Lawton v. SAIF*, 5 Or App 539, 485 P2d 1104 (1971), citing *Beaudry*

---

[1] After notice of appeal was filed, defendant moved this court for an order staying the circuit court's order. We denied this motion with leave to renew, and subsequently a hearing was held on the degree of disability. Claimant was found to be permanently and totally disabled.

Claimant moved that the appeal be dismissed on the ground the circuit court's order is not a final order within the meaning of our decision in Mendenhall v. SAIF, 16 Or App 136, 517 P2d 706, Sup Ct *review denied* (1974). We denied that motion with leave to renew it at oral argument. Because of our disposition of this case, we do not now consider either motion.

*v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970):

"'* * * [D]isability resulting from on-the-job aggravation [here smoke inhalation] of a pre-existing condition [here lung cancer] not caused by an injury * * * is an occupational disease * * *.' 5 Or App at 544-45." (Brackets theirs.) *Skirvin v. SAIF,* 15 Or App 440, 441-42, 516 P2d 91 (1973).

At the time of all events on review here, in occupational disease cases jurisdiction to review the hearing officer's factual conclusions was solely with the medical board of review. *See* former ORS. 656.810; *Ware v. SAIF,* 7 Or App 571, 492 P2d 484 (1972).

The first question is whether claimant has "rejected" the hearing officer's "final order." If he has, the rejection "acts as an appeal to the medical board of review," former ORS 656.808[2]; *Ware v. SAIF,* supra, and both the Board and the circuit court lacked jurisdiction to review the factual basis of the hearing officer's order.

In *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972), we held that a request for a hearing pursuant to ORS 656.283 (2) that failed to include the claimant's address was sufficient to establish the right to a hearing because the statutory requirements of the compensation law should be liberally· construed in favor of the workman and because the Board was aware of claimant's attorney's address.

[2] Former ORS 656.808 provided:

"A final order of the hearing officer in any claim involving occupational disease may be rejected by the claimant or employer, in writing, filed at the office of the Workmen's Compensation Board within 90 days after the date of such order. Such rejection acts as an appeal to the medical board of review."

■ While claimant's request for review does not specifically state he "rejects" the hearing officer's final order, it indicates he wishes to have it reviewed on the ground it is factually erroneous. The request for review is the functional equivalent to a rejection and should be treated as one. *Cf. Culver v. Sheets,* 13 Or App 405, 409, 509 P2d 1221, Sup Ct *review denied* (1973).

■ Claimant's having rejected the hearing officer's order and having not specifically enumerated legal issues to be determined by the circuit court, *cf. Beaudry v. Winchester Plywood Co.,* 255 Or 503, 510, 469 P2d 25 (1970), the Workmen's Compensation Board should have convened a medical board of review for the purpose of reviewing the hearing officer's findings.

■ Next, the claimant urges that, since the legislature repealed the provisions of the Occupational Disease Law relating to medical boards of review effective October 5, 1973 (Oregon Laws 1973, ch 543), we have jurisdiction to decide the merits of this case now rather than remand it.

In *Russell et al v. Pac. Maritime et al,* 9 Or App 402, 496 P2d 252, Sup Ct *review denied* (1972), we held that changes in appellate jurisdiction under the Administrative Procedures Act were prospective only. In *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 154, 511 P2d 854, Sup Ct *review denied* (1973), we applied the same reasoning to changes in required procedures under the APA. In *Skirvin v. SAIF,* supra, in a case almost exactly parallel to this one, we reversed and remanded for appointment of a medical board of review after noting that the legislative repeal of the medical board of review procedures occurred

while the case was pending in this court. We did not there discuss the reasoning of *Russell* or *Papadopoulos*.

Under either precedent the suggested result for this case is the same. The repeal of the medical board provisions does not change the fact that when the claimant appealed the hearing officer's order the law then in effect required the appointment of a medical board of review. Former ORS 656.808. Neither the Workmen's Compensation Board nor the circuit court had jurisdiction to review this case. Their orders are therefore reversed and the case remanded to the Workmen's Compensation Board for appointment of a medical board of review pursuant to former ORS 656.810.

Reversed and remanded.