COURT, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 421-320, CA 5759)
550 P2d 776

*John D. Ryan,* Portland, argued the cause and filed the brief for appellant.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

**LANGTRY, J.**

This appeal involves an occupational disease claim under the Workmen's Compensation Law. Claimant has lead poisoning which causes disability and which arose from exposure in his work. ORS 656.802(1)(a).[1] We conclude that under ORS 656.808, 656.810, 656.812 and 656.814[2] as they existed prior to their 1973 repeal a medical board of review should have been constituted and the case referred to it to determine relevant questions concerning disability. This still can be done in conformance with the former law; hence, we remand for that purpose.

Briefly, the history of the case is that claimant was diagnosed as having acquired lead poisoning in connection with his work as a burner at Zidell Explora-

[1] ORS 656.802(1)(a) provides:

"(1) * * * '[O]ccupational disease' means:

"(a) Any disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein."

[2] ORS 656.808 provided:

"A final order of the hearing officer in any claim involving occupational disease may be rejected by the claimant or employer, in writing, filed at the office of the Workmen's Compensation Board within 90 days after the date of such order. Such rejection acts as an appeal to the medical board of review."

ORS 656.810 provided:

"(1) In every case of the rejection of a final order of the hearing officer under ORS 656.808, involving the issues enumerated in ORS 656.812, there shall be appointed a medical board of review, which board of review shall have jurisdiction to pass upon and decide such issues.

"* * * * *"

ORS 656.812 provided:

"(1) The medical board of review shall examine the claimant and all the records of his employment and claim, and from such examination make findings upon the issues of the claim.

"* * * * *"

ORS 656.814 provided:

"The findings of the medical board of review are final and binding and shall be filed with the Workmen's Compensation Board within 60 days after appointment of the third member. A copy thereof shall be mailed to the parties."

[ 693 ]

tions, for which he had been referred for treatment in 1968, 1969 and 1970. A referee awarded 96 degrees for disability in 1971. Claimant then appealed to the Workmen's Compensation Board which ordered remand to a medical board of review. The claimant appealed this order to circuit court in 1972 while the previous occupational disease law, supra, was in effect. Claimant contended that he had an injury rather than an occupational disease. The circuit court entertained the appeal although the State Accident Insurance Fund protested that the court had no jurisdiction, and remanded to the Board "for the determination and award of disability" in February 1973 "nunc pro tunc June 22, 1972." In July 1973 the Board remanded to the hearings division for additional medical testimony and findings of fact. The present series of orders determining extent of disability and appeals then commenced.

■ There can be no doubt that this lead poisoning is an occupational disease. It is work related to claimant's burning and cutting of scrap metal which contained lead. Its onset was not unexpected because it is an inherent hazard of the work. It came on gradually. *See O'Neal v. Sisters of Providence,* 22 Or App 9, 537 P2d 580 (1975).

■ Former ORS 656.808 provided that an order of the hearing officer in an occupational disease claim case may be rejected by the claimant, and the "rejection acts as an appeal to the medical board of review." If a legal issue existed, under ORS 656.810(4), the Board could refer that to circuit court. But under the pre-1973 law (former ORS 656.808, 656.814) *only* a medical board of review could determine the extent of occupational disease disability. *See Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970); *Universal Underwriters Ins. v. Wilson,* 13 Or App 294, 508 P2d 827, Sup Ct *review denied* (1973); *Johnson v. SAIF,* 5 Or App 201, 483 P2d 472 (1971). The circuit court was without jurisdiction in 1972. *Billings v. Crouse,* 17 Or

App 586, 522 P2d 1401 (1974); *Skirvin v. SAIF,* 15 Or App 440, 516 P2d 91 (1973).

The request for further hearings and appeals could act only as a rejection by claimant and trigger the medical board of review process. *Billings v. Crouse,* supra; *Ware v. SAIF,* 7 Or App 571, 492 P2d 484 (1972).

The question of jurisdiction had been raised by SAIF for reasons above stated in the most recent hearings, but the circuit court in the most recent hearing nevertheless specifically held it had jurisdiction. We hold, as we did in *Billings v. Crouse, supra,* that the question of extent of disability must be determined by the exclusive statutory process in effect in 1972.[3]

Reversed and remanded to circuit court with instructions to remand for further proceedings consistent with this opinion.

---

[3] "* * * The repeal of the medical board provisions does not change the fact that when the claimant appealed the hearing officer's order the law then in effect required the appointment of a medical board of review. Former ORS 656.808. Neither the Workmen's Compensation Board nor the circuit court had jurisdiction to review this case. Their orders are therefore reversed and the case remanded to the Workmen's Compensation Board for appointment of a medical board of review pursuant to former ORS 656.810." *Billings v. Crouse,* 17 Or App 586, 591, 522 P2d 1401 (1974).