Argued March 20, reversed and remanded
for trial July 16, 1979

STATE OF OREGON,
*Appellant,*
*v.*
MAGNAR DALE KNUTSEN,
*Respondent.*

(No. 4217, CA 12564)

597 P2d 834

[123]

Berkeley Ashton Smith, Deputy District Attorney, argued the cause and filed the brief for appellant.

Robert P. VanNatta, St. Helens, argued the cause for respondent. With him on the brief was VanNatta & Petersen, St. Helens.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The state appeals from a pretrial order suppressing evidence in a prosecution for driving under the influence of intoxicants, ORS 487.540. Defendant first argues that we have no jurisdiction because there was no appeal from the order of dismissal.

After hearing, the trial court ordered the evidence suppressed and the case dismissed. The order was in the form of a notation on the back of the citation dated October 17, 1978.[1] On October 31, a separate order suppressing the same evidence but making no reference to dismissal was signed and entered. On November 15, the state filed notice of appeal from the order of October 31.

■ The notice of appeal designated the wrong order. ORS 484.150(2)(b) and (6) provide that the reverse side of the citation is the official abstract of record in traffic infraction and misdemeanor cases. Thus, the order of October 17 entered on the reverse side of the citation was a complete and final order. No further action by the court was required to make it effective. The order of October 31 is merely a more formal and elaborate commemoration of the earlier order. It adds nothing which affects appealability. This is not to say that the court can enter no order except on the reverse side of the citation. To the contrary, ORS 484.150(9) authorizes the court to amend the abstract of record. Here, however, the order of October 17 was effective and that of October 31 had no dispositional effect. The order of October 17 is the order of suppression from which appeal lies.

■ The state's notice of appeal incorrectly designates the October 31 order. However, the notice was filed within 30 days from the October 17 order. Because the notice was timely, and because respondent is not misled in any way, the rights of the appealing party

---

[1] "10-17-78 Dismissed after motion to suppress. State declined to proceed after B/A suppressed."

should not be defeated simply for a minor deficiency of form.

The next jurisdictional question is whether the order of dismissal remains effective, thus making the suppression order moot, or whether it is cognizable under the notice of appeal and thus stayed pending disposition of the appeal.

The order of suppression and dismissal is essentially a single order of disposition arising from one legal determination. Both aspects of the order are appealable by the state: the order of suppression is appealable under ORS 138.060(3); the pretrial dismissal under ORS 138.060(1). Respondent has not been misled or prejudiced by the nonexistence of a separate reference in the notice of appeal to the order of dismissal. The notice of appeal fulfills the functions of a notice of appeal which we described in another context:

> "* * * It invokes appellate jurisdiction by transferring the cause to the reviewing authority while the question sought to be reviewed remains open to appeal, and it informs the parties and tribunals that the matter is not concluded so that they may respond accordingly. * * *" *Culver v. Sheets,* 13 Or App 405, 409, 509 P2d 1221 *rev den* (1973).

For these reasons, we conclude that we have jurisdiction over the entire order of October 17.

On the merits, the order of suppression is reversed and remanded for the reasons stated in *State v. Wood,* 41 Or App 31, 596 P2d 1325 (1979), and the order of dismissal is reversed and remanded for the reasons stated in *State v. Hoare,* 20 Or App 439, 445-46, 532 P2d 240 (1975).

Reversed and remanded for trial.