Argued and submitted February 15, reversed April 7, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# HAROLD FLOYD DAVE,
*Appellant.*

## (No. G-2544, CA 15882)

608 P2d 1225

Thomas C. Peachey, The Dalles, argued the cause for appellant. With him on the brief was Lewis & Foster, The Dalles.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals from his conviction of the crime of unlawful possession of a food fish in closed season. We reverse.

Defendant was charged in an Oregon Uniform Game, Commercial Fish and Marine Citation and Complaint issued on April 21, 1978, when the pick-up truck in which he was a passenger was stopped in The Dalles by an Oregon State Trooper, who saw the truck come over The Dalles Bridge from Washington, and followed it. A burlap bag in the pick-up was found to contain two salmon and a steelhead. Defendant and a defense witness testified that the fish had been caught in the Klickitat River in Washington, about one mile from the Columbia River.

At the outset, the state raises a jurisdictional issue based on the contention that defendant's notice of appeal was not timely filed. Defendant was tried and convicted on September 28, 1979, in a jury trial and was sentenced. On the reverse side of the citation under the heading "Court Record" the trial judge entered a notation on the same day indicating that defendant had been found guilty in a jury trial. A separate judgment order was entered on October 1, 1979.

Relying on *State v. Knutsen,* 41 Or App 123, 597 P2d 834 (1979), the state contends that the September 28 entry on the back of the citation was the final and appealable order and that defendant's notice of appeal filed on October 31, 1979, was not filed within 30 days of that final order.

The decision in *Knutsen,* is based on ORS 484.150(2)(b) and (6), which provide that the reverse side of the traffic citation is the official abstract of record in traffic infraction and misdemeanor cases. Although ORS 496.905, regarding wildlife and commercial fishing citations, was amended by the 1979

legislature to include a similar provision, that amendment did not go into effect until October 3, 1979. At the time that the citation was issued, the notation made on September 28, 1979, and the judgment order entered on October 1, 1979, the citation did not constitute the official abstract of record. The notice of appeal filed on October 31, 1979, was timely.

Defendant makes several assignments of error, but we reach only one. Defendant was charged pursuant to ORS 509.011(2), which provides:

"It is unlawful to:

"(a) Buy, receive, possess or sell food fish unlawfully caught during a closed season."

"* * * * *."

ORS 509.006 indicates when a fish is "unlawfully caught":

"It is unlawful to take, possess, buy, sell or otherwise handle any food fish *in or from any waters of this state,* during times, in a manner or by means of the fishing gear prohibited by law." (Emphasis supplied.)

The arresting officer had not seen the catching of the fish and did not pretend to know where they were caught. He did see the truck in which defendant was a passenger come across the bridge over the Columbia River from Washington and, for unexplained reasons, followed the truck until he stopped it in The Dalles, which is on the river. Defendant moved for a directed verdict of acquittal arguing that there was no evidence of where the fish had been caught except for the statutory inference contained in ORS 506.610, which provides:

"(1) The possession or custody of food fish on, near, adjacent to or in the vicinity of *any waters of this state,* during the closed season on such waters, is prima facie evidence that such fish were unlawfully taken during the closed season *on such waters.*

"(2) In all cases where such possession or custody by accused persons on, near, adjacent to or in the vicinity of any of such closed waters is proven, the

burden of proof is shifted to the persons found having such possession or custody, to establish that the fish were lawfully taken during an open season and from waters from which it was at such time lawful to take such fish." (Emphasis supplied.)

Defendant's motion for a directed verdict of acquittal questioned the use of that inference to support a guilty verdict in the circumstances involved here.[1] The motion was denied.

The state has the burden of proving every element of a crime charged against a defendant beyond a reaonable doubt. *State v. Long*, 243 Or 561, 415 P2d 171 (1966). In reviewing a motion for a directed verdict of acquittal we must view the evidence in the light most favorable to the state. *State v. Caldwell*, 241 Or 355, 405 P2d 847 (1965); *State v. Holmes*, 17 Or App 464, 522 P2d 900 (1974). A motion for directed verdict of acquittal must be granted only if the evidence introduced would not support a verdict against the defendant. *See* ORS 136.445; *State v. Olson*, 39 Or App 383, 592 P2d 273 (1979).

If the state's evidence were only that defendant was found in possession of the fish in Oregon "on, near, adjacent to or in the vicinity of" the Columbia River during the closed season, ORS 506.610 provides that the permissible inference to be drawn from those facts is sufficient to make a prima facie case that the fish were unlawfully taken from the Columbia during the closed season on that river. However, in this case the state's evidence, ignoring that of defendant, that the defendant came from another state with the fish does not permit the statutory inference giving rise to the prima facie case, leaving no basis upon which a jury

---

[1] Defendant did not raise at trial the issue of the constitutionality of the inference as applied in this case, and we do not consider the question. *But see Ulster County Court v. Allen*, 442 US 140, 99 S Ct 2213, 60 L Ed 2d 777 (1979); *Barnes v. United States*, 412 US 837, 93 S Ct 2357, 37 L Ed 2d 380 (1973); *Turner v. United States*, 396 US 398, 90 S Ct 642, 24 L Ed 2d 610 (1970), in which the test to be applied is stated to be whether the inferred fact is "more likely than not" to follow from the facts which give rise to the inference.

could find that the fish were unlawfully taken from the waters of this state. The fact that defendant was stopped where he was is purely fortuitous.

The motion for a directed verdict of acquittal should have been granted.

Reversed.