Submitted on record and briefs December 11, 1991, reversed and remanded for new trial June 24, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## TROY MICHAEL JACKSON,
*Appellant.*

(P269150; CA A69527)

833 P2d 330

Troy Michael Jackson, Portland, filed the brief *pro se.*

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Diane S. Lefkow, Assistant Attorney General, and Teresa McKee, Certified Law Student, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

.

## RIGGS, J.

Defendant appeals his conviction for a traffic infraction. He assigns error to the trial court's entry of a judgment of conviction, arguing that the trial court did so without notifying him of the date and time for hearing and that it convicted him based on inadequate evidence. Defendant also assigns error to the entry of judgment the day before his case was set for hearing. We review *de novo*, ORS 46.340(4), and reverse.

The evidence in the record consists of only two items: the Uniform Traffic Citation and a cryptic print-out of defendant's record from the Multnomah County District Court's Traffic/Criminal records. Defendant was cited on February 8, 1991, for "traffic congestion/cruising" in Portland. The citation instructed him to appear in Multnomah County District Court on February 28, 1991. Exactly what occurred after that is unclear from the record. The citation indicates that, on February 28, defendant entered a plea of not guilty. The print-out indicates that the case was set over on February 28 and again on March 18. The March 18 entry says "Setover-Notice of Hearing," but defendant claims that he never received notice of a hearing. The print-out also indicates that a hearing was at least scheduled, if not held, on March 28, 1991.[1] The judgment of conviction on the citation is dated March 27, 1991, the day before the scheduled hearing.

ORS 153.515(2)(b) provides that the citation is the abstract of the record of the case. *See State v. Knutsen*, 41 Or App 123, 597 P2d 834 (1979). We accept the dates and entries on the citation as an accurate record of the case. We also accept the print-out, abbreviated as it is, as an accurate record of the schedule of events in this case, at least to the extent that its abbreviations can be reasonably understood.

The state argues that defendant did not request a hearing, and so the court acted properly in entering an order of conviction without holding a hearing. ORS 153.555(2)(b), (c). The print-out indicates that a hearing was requested and scheduled. Because the evidence indicates that the judgment

---

[1] Under the heading "Appearances," the print-out lists the following: "Court; 110, Date; 03/28/91, Time; 01:30, Event; Hrg, Stat; C." the meaning of "Stat; C" is a mystery.

of conviction was entered the day before the hearing was scheduled, we reverse the conviction.

Reversed and remanded for a new trial.