590 P.2d 935

Duncan W. CAMPBELL, Petitioner,

v.

The Honorable Jack T. ARNOLD, Judge
of the Superior Court, Respondent;

and

Buel DANIEL and Irene Daniel, husband
and wife, Real Parties in Interest.

No. 2 CA–CIV 2921.

Court of Appeals of Arizona,
Division 2.

May 23, 1978.

Rehearing Denied June 21, 1978.

Review Granted July 18, 1978.

Lesher, Kimble & Rucker, P. C. by Robert
O. Lesher and Timothy L. Ryan, Tucson, for
petitioner.

Miller, Pitt & Feldman, P. C. by Stanley
G. Feldman and Nanette M. Warner, Tu-
cson, for real parties in interest.

## OPINION

HOWARD, Judge.

If a complainant in a medical malpractice
action presents to the medical liability re-
view panel multiple acts of malpractice, is
A.R.S. Sec. 12–567 satisfied when the deci-
sion of the panel merely states the general
finding, "After considering all evidence
presented to the panel, the panel finds for
the plaintiff . . ."? This is the issue
for our determination. We accept jurisdic-
tion of this special action since this is a
matter of public importance requiring
prompt resolution.

The petitioner is a medical doctor licensed
to practice medicine in the State of Arizona
and a "licensed health care provider" as
defined by A.R.S. Sec. 12–561. The real
parties in interest filed a medical mal-
practice action in the superior court which,
pursuant to A.R.S. Sec. 12–567(A), was re-
ferred to a medical liability review panel.
Count I of the multi-count complaint filed
in the superior court is the only one which
deals with medical malpractice. In it the
real parties in interest allege:

> "Defendants HICKS and CAMPBELL,
> individually and as employees of Defend-
> ant MAGMA, were negligent in the care
> and treatment of Plaintiff BUEL DAN-
> IEL; such negligence was contrary to the
> standards of good medical practice."

After the hearing before the panel was completed it entered the following decision:

"DECISION OF THE PANEL:

After considering all evidence presented to the panel, the panel votes as follows:

D. Thompson Slutes, Attorney Member, votes in favor of the plaintiff.*

Dr. Christopher Heller, Medical Member, votes in favor of the defendant.

Jack T. Arnold, Judge, Chairman, votes in favor of the plaintiff.

DATED this 9th day of November, 1977.

/s/ Jack T. Arnold
JACK T. ARNOLD, JUDGE, Chairman

/s/ Christopher J. Heller, MD.
DR. CHRISTOPHER HELLER, MEDICAL Member

/s/ D. Thompson Slutes
D. THOMPSON SLUTES, ATTORNEY Member

* This member of the panel requests that his vote be explained in that he votes for the plaintiff only on the issue of informed consent."

A motion to reconsider the form of the decision was made by one defendant, and the review panel amended its decision as follows:

"DECISION OF THE PANEL:

After considering all evidence presented to the panel, the panel finds for the plaintiff, and against all defendants.

DATED this 17th day of January, 1978.

/s/ Jack T. Arnold
JACK T. ARNOLD, JUDGE, Chairman

/s/ D. Thompson Slutes
D. THOMPSON SLUTES, ATTORNEY Member

DR. CHRISTOPHER HELLER, MEDICAL Member"

Petitioner, after receiving the decision of the panel dated January 17, 1978, moved for reconsideration and attached to the motion affidavits of the panel members D. Thompson Slutes and Christopher Heller, M.D.

The affidavit of D. Thompson Slutes, attorney at law, stated that his decision was that the plaintiff should prevail only on the limited issue of informed consent and that he did not find for the plaintiff on any other issue of medical malpractice. Dr. Heller stated in his affidavit that he found for the defendants on all the issues presented to the panel. The motion for reconsideration was denied.

The broad, general purposes of the Medical Malpractice Act are to provide a system whereby meritorious claims can be separated from frivolous ones prior to trial and to encourage pretrial settlement. *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977). In order to further the foregoing purposes A.R.S. Sec. 12–567 permits the conclusion of the panel to be admitted into evidence in any subsequent trial.

Turning our attention specifically to the statute, A.R.S. Sec. 12–567 provides as follows:

" * * *

F. The panel shall determine, with respect to *each claim against each defendant*, whether the evidence presented to the panel by all parties supports a judgment for the plaintiff or for the defendant.

G. Within twenty days following completion of any hearing, the panel shall file a decision with the presiding judge and with the clerk of the superior court who shall mail copies to all parties. The panel shall state its decision, *with respect to each claim against each defendant*, in substantially the following language:

1. 'After considering all evidence presented to the panel, we find for the plaintiff'; or

2. 'After considering all evidence presented to the panel, we find for the defendant'.

* * * "

(Emphasis added)

Real parties in interest equate the words "each claim" as used in the above statute with "cause of action" and contend that since there is only one cause of action, to-wit negligence, the decision of the review panel should only be in the general form illustrated in subparagraph G, no matter how many acts of medical malpractice are asserted as the basis of the lawsuit. We do not agree. Since the conclusion of the panel may be admitted into evidence, acceptance of this theory would work a deception on the jury who would thereby be misled into believing that the review panel agreed that there is merit to every act of malpractice which a plaintiff asserts at the trial.

We believe that the words "each claim" as used in the statute mean each alleged act of negligence. We find support for this conclusion in Rule 3(B) of the Uniform Rules of Procedure for Medical Liability Review Panels, which states:

"B. Plaintiff's Preliminary Statement of *Claims*. Within five (5) days from the date of receipt of the above records, plaintiff shall serve upon defendant a complete and detailed description of *the acts* or *omissions* constituting medical negligence, a complete and detailed description of *each act or procedure* which plaintiff alleges defendant should have undertaken but did not and a description of the manner in which defendant's *acts* or *omissions* caused injury to plaintiff. . . ." (Emphasis added)

It appears to us from a reading of the foregoing rule and its heading, that our Supreme Court, in promulgation of the rule, equated the word "claim" with a separate alleged act of negligence.

It is ordered that the respondent judge, as Chairman of the Medical Liability Review Panel, cause the decision of the review panel to be amended in accordance with this opinion.

RICHMOND, C. J., and HATHAWAY, J., concur.