605 P.2d 445

Ronald W. BARNET, M.D., Petitioner,

v.

The SUPERIOR COURT OF MARICOPA COUNTY, Arizona; The Honorable Howard F. Thompson; The Honorable Howard V. Peterson; Gene H. Boynton, Respondents.

No. 14527.

Supreme Court of Arizona, In Banc.

Dec. 20, 1979.

Rehearing Denied Jan. 29, 1980.

Burch, Cracchiolo, Levie, Guyer & Weyl, P.A. by Barry A. MacBan, Daniel P. Jantsch, Phoenix, for petitioner.

Stephan & Lyding by Robert Stephan, Jr., Phoenix, for respondent Boynton.

CAMERON, Chief Justice.

This is a special action brought by petitioner, Ronald W. Barnet, M.D., from a ruling of the Superior Court of Maricopa County in a medical malpractice action. We have jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S.

There is only one issue for our determination: Must the Medical Liability Review Panel decide and file with the Superior Court a decision with respect to each claim included within a medical malpractice action?

The facts necessary for a disposition of this matter are not in dispute. Petitioner, Dr. Barnet, performed cataract surgery on respondent Gene H. Boynton on 31 December 1975. As a result of that operation, Boynton filed a medical malpractice action in the Superior Court of Maricopa County alleging three acts of malpractice: (1) lack of informed consent, (2) negligent surgical treatment, and (3) negligent post-operative care. The case was submitted to a Medical Liability Review Panel pursuant to A.R.S. § 12–567 (1976). The panel made only one general finding: "after considering all the evidence presented to the panel, we find for the plaintiff." In fact, the panel had unanimously found for Dr. Barnet on two of the three acts in question and was split on the third (post-operative care), two for the plaintiff Boynton and one for Dr. Barnet. Dr. Barnet sought clarification from the panel of the panel results, and, failing, moved for the trial court to order the panel to clarify their determination by making a finding as to each act of negligence. The trial court denied that motion but allowed a stay pending the outcome of a special action to this court.

In A.R.S. § 12–567, the legislature enacted a procedure whereby medical malpractice actions are previewed by a Medical Liability Review Panel. The statute was first before us in *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977), where we upheld that act's constitutionality. In *Campbell v. Arnold*, 121 Ariz. 396, 590 P.2d 935 (App.1978), vacated 121 Ariz. 370, 590 P.2d 909 (1979), the Court of Appeals in considering the issue now before this court stated:

"Real parties in interest equate the words 'each claim' as used in the above statute

with 'cause of action' and contend that since there is only one cause of action, to-wit negligence, the decision of the review panel should only be in the general form illustrated in subparagraph G, no matter how many acts of medical malpractice are asserted as the basis of the lawsuit. We do not agree. Since the conclusion of the panel may be admitted into evidence, acceptance of this theory would work a deception on the jury who would thereby be misled into believing that the review panel agreed that there is merit to every act of malpractice which a plaintiff asserts at the trial.

"We believe that the words 'each claim' as used in the statute mean each alleged act of negligence. * * *" 121 Ariz. at 397–98, 590 P.2d at 936–37.

We vacated the opinion of the Court of Appeals on other grounds in *Campbell v. Arnold*, 121 Ariz. 370, 590 P.2d 909 (1979) and did not reach the question as to what constitutes a claim under the statute. We believe, however, that the Court of Appeals was correct in its determination that the Medical Liability Review Panel must decide each claim contained within the medical malpractice action. "Medical malpractice action" is defined as follows:

"2. 'Medical malpractice action' or 'cause of action for medical malpractice' means an action for injury or death against a licensed health care provider based upon such provider's alleged negligence, misconduct, errors or omissions, or breach of contract in the rendering of health care, medical services, nursing services or other health-related services or for the rendering of such health care, medical services, nursing services or other health-related services, without express or implied consent." § 12–561(2).

By this definition, the term "medical malpractice action" includes a multitude of separate causes of action. The term "claim" is not used in the statute until A.R.S. § 12–567(F) and (G) which read as follows:

"F. The panel shall determine, with respect to each claim against each defendant, whether the evidence presented to the panel by all parties supports a judgment for the plaintiff or for the defendant.

"G. Within twenty days following completion of any hearing, the panel shall file a decision with the presiding judge and with the clerk of the superior court who shall mail copies to all parties. The panel shall state its decision, with respect to each claim against each defendant, in substantially the following language:

1. 'After considering all evidence presented to the panel, we find for the plaintiff'; or

2. 'After considering all evidence presented to the panel, we find for the defendant'."

By referring to "each claim against each defendant," the legislature clearly contemplated more than one finding in a medical malpractice action where there is more than one defendant. It logically follows that the legislature also intended a finding as to "each claim" contained within the medical malpractice action regardless of the number of defendants. To hold otherwise, as the Court of Appeals noted in *Arnold* supra, would work a deception on the jury. The jury would be misled into believing that the panel agreed that there was merit to every claim or cause of action encompassed within a malpractice action when, as here, that was not the case.

Petition for special action granted. The matter is remanded to the trial court for further action consistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.